PHILLIP LEE SIMMONS *v.* STATE OF INDIANA.

[No. 475S81.  Filed November 5, 1975.]

*Harriette Bailey Conn, (Mrs.)*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from the denial of post-conviction relief. Appellant was indicted in 1963, for first degree murder in connection with the fatal stabbing of Edna Frisbie. In the spring of 1964, appellant pleaded guilty to second degree murder. In 1971, appellant filed a petition for post-conviction relief, asserting that his guilty plea was involuntary because it was the product of an illegally obtained confession. On November 16, 1971, this petition was summarily denied (the state's brief incorrectly states that the appellant appeals from this latter action). No timely motion to correct errors was filed, and appellant petitioned for permission to file a belated motion to correct errors. When permission was denied, appellant appealed that decision. In *Simmons* v. *State*, (1974) 262 Ind. 30, 310 N.E.2d 872, this Court unanimously remanded the case to the trial court with instructions that appellant be allowed to file his belated motion to correct errors. The motion was filed and an evidentiary hearing was held to determine whether appellant's plea of guilty was voluntarily and intelligently given. At the conclusion of this hearing, appellant's petition for post-conviction relief was denied. Appellant's motion to correct errors was denied on January 3, 1975, and this appeal follows.

Appellant contends that his confession was the result of police threats that if he did not make a written statement he "would get the chair." Here, as in *Lockhart* v. *State*, (1971) 257 Ind. 349, 351, 274 N.E.2d 523, 525, "There was no confession of the appellant introduced in evidence other than his in court plea of guilty." The factors which motivated the appellant to plead guilty are not material, so long as we can ascertain from the record that his guilty plea was entered

freely, voluntarily and knowingly. *Brady* v. *U.S.*, (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Boykin* v. *Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

The transcript of the arraignment and the guilty plea proceeding, introduced in evidence at the post-conviction relief proceeding, clearly shows a record meeting all the requirements of *Boykin, supra,* remarkable only in that the guilty plea here was tendered five years prior to the *Boykin* decision.

Here is the transcript:

## ARRAIGNMENT—JANUARY 8, 1964

Q 1 "Your name is Phillip Lee Simmons, is that correct?"

A "Yes sir."

Q 2 "Phillip Lee Simmons, you stand before this Court charged in an indictment brought by the September Term of the Clark Circuit Court Grand Jury of Clark County, Indiana, of the crime of first degree murder committed on or about the 12th day of September, 1963. You have been brought before this Court for the purpose of arraignment, that is, the indictment alleging or defining the charge will be read to you, after which you will be asked how you wish to plead, guilty or not guilty. Phillip, do you have an attorney?"

A "Yes."

Q 3 "What is the name of your attorney?"

A "Frank Haddad, Jr."

Q 4 "Is your attorney available with you at this time?"

A "No sir, I will have to ask for a continuance so I can talk to him."

Q 5 "All right, the Court will advise you that concerning the law in the State of Indiana, with regard to an attorney, that in the event that you do not have the money or the means with which to hire an attorney that it is the duty of this Court to appoint an attorney for you. The Court would further advise and enlighten you concerning the charge of first degree murder. Under the law of the State of Indiana it is a felony and the penalty that is fixed by the Legislature is that on conviction a person being

found guilty of murder in the first degree shall suffer death or be imprisoned in the State Prison during life. Phillip, the Constitution of the State of Indiana provides that in all criminal prosecution the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed, to be heard by himself and counsel, to demand the nature and cause of the accusation against him, and to have a copy thereof, to meet the witnesses face to face, and to have a compulsory process for obtaining witnesses in his favor. No person in any criminal prosecution shall be compelled to testify against himself. Do you have a copy of the indictment which has been filed in this cause?"

A    "I believe my lawyer has."

\* \* \*

## GUILTY PLEA PROCEEDING—MARCH 9, 1964

\* \* \*

THE COURT: "Now as I understand it Mr. Wentzell, it is the intention of the defense and the defendant that the defendant wishes to enter a plea of guilty to the charge of second degree murder, is that correct?"

MR. WENTZELL: "That's correct, with the consent of the prosecution."

THE COURT: "Now does the State of Indiana consent to the allowance of the plea of guilty by the Court to the charge of second degree murder?"

MR. SCHNATTER: "Yes, Your honor, the State does and does so in writing, and I hereby file a written consent by the Prosecutor."

Q 26    "You are Phillip Lee Simmons, is that correct?"

A    "Yes sir."

Q 28    "Your case was set for trial on this date, and it is the understanding of the Court that you wish to change your plea of not guilty which you entered to a charge of first degree murder, and wish to enter a plea of guilty to the charge of second degree murder, is that correct?"

A    "Yes sir."

Q 29    "Phillip, before you enter your plea the Court wishes to read to you the statute of the State of Indiana with regard to murder in the second degree: 'Who-

ever purposely and maliciously, without premeditation, kills any human being is guilty of murder in the second degree and on conviction shall be imprisoned in the State Prison during life.' Do you understand that?"

A   "Yes sir."

Q 30   "Have you had opportunity to counsel with and to discuss this matter with your attorneys who are here with you today?"

A   "Yes sir."

Q 31   "Has anyone made any promises or threatened you to induce you to plead either guilty or not guilty to this charge?"

A   "No sir."

Q 32   "Do you understand that you have the right to a trial by Jury in this cause; You are represented by counsel; you have the right to a trial by jury, the right to meet the witnesses face to face, and to have a compulsory process for obtaining witnesses in your favor; do you understand that?"

A   "Yes sir."

Q 33   "And do you also understand that no person in any criminal prosecution shall be compelled to testify against himself?"

A   "Yes sir."

Q 34   "Does the defense have a copy of the Indictment which has been filed in this case?"

MR. WENTZELL: "Yes, Your Honor."

Q 35   "And have you had ample opportunity to go over the various parts of the Indictment with the Defendant?"

MR. WENTZELL: "Yes, Your Honor. In fact, the defendant made a confession to the Louisville police in the presence also of the Indiana State Police that was reduced to writing, and the State has provided us with copies of that confession. We have gone over that confession with the defendant who assures us the facts are substantially true and he was not promised anything to sign that statement. It was reduced to writing and signed by him."

Q 36   "Now Phillip, are you ready now to enter a plea?"

A   "Yes sir."

Q 37 "How do you plead?"
A "Guilty to second degree murder."

\* \* \*

At the evidentiary hearing, appellant testified that the police picked him up at his home about 10:45 p.m.; that he admitted the killing during his ride to the police station; that he arrived at the station about 11:05 p.m. or 11:10 p.m.; that he was questioned until about 12:00 a.m. or 12:30 a.m. by two sets of detectives; that he was threatened with the chair if he would not make a statement; that he requested an attorney on several occasions, but that his request was denied; that on the day the confession was given he had consumed seven or eight beers and was feeling good; that he pleaded guilty because his attorneys told him it would be impossible to withdraw his confession and that he would go to the chair if he went to court; and that one of his attorneys promised him that if he pleaded guilty to second degree murder the attorney would, after two years, asked the governor to commute the life sentence to a term of two-to-twenty-one years.

In addition to the transcript of the guilty plea proceeding set out above, the state introduced the testimony of the arresting officers, who testified that appellant was not intoxicated; that no questioning took place and appellant made no admission during the ride to the station; that no threats or promises were made to the appellant prior to his confession; and that appellant did not request an attorney.

Appellant's allegation that one of his attorneys promised to see about commuting his life sentence stands uncontradicted—the attorney to whom the statement was attributed has been admitted to the Bar of the Eternal. On the other hand, appellant presented no evidence that such an attempt was not made. The representation was not made by the prosecution, or by the court, but by a defense attorney, who was, of course, an officer of the court. Such an inducement, however, is not, on the basis of this record, sufficient to find that appellant's plea was not voluntarily, knowingly and intelligently entered.

In *McMann* v. *Richardson*, (1970) 397 U.S. 759, 768, 90 S.Ct. 1441, 1447, 25 L.Ed.2d 763, 772, the Supreme Court stated: "For the defendant who considers his confession involuntary and hence unusable against him at trial, tendering a plea of guilty would seem a most improbable alternative." The facts show that when appellant tendered his plea, he was represented by three distinguished defense attorneys, had been advised of the charge against him, knew the penalty for first and second degree murder, knew that he could insist upon a trial by jury, compulsory process, and could not be required to testify against himself. There is nothing in this record to suggest that appellant's guilty plea was anything less than a carefully considered choice. It was appellant's burden to prove by a preponderance of the evidence that his plea was not freely, voluntarily and knowingly given. The trial court in denying appellant's petition for post-conviction relief held that appellant had not adduced such proof. In that determination we concur, and the judgment of the trial court is affirmed.

Judgment affirmed.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 336 N.E.2d 644.