**James STUBBLEFIELD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. PS 416.

Supreme Court of Indiana.

March 7, 1979.

Harriette Bailey Conn, Public Defender, David P. Freund, Marcia L. Dumond, Deputy Public Defenders, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Kenneth R. Stamm, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was charged with and convicted of second degree murder in a trial by jury. Ind.Code § 35–1–54–1 (Burns 1975). He was sentenced to imprisonment for a period of not less than fifteen (15) nor more than twenty-five (25) years. He was granted permission by this Court to file a belated appeal pursuant to Post Conviction Remedy Rule 2, and he presents the following errors for our review:

(1) Whether the trial court erred in denying his motion to exclude specific evidence and testimony concerning a pretrial identification of the defendant by three of the State's witnesses.

(2) Whether there was sufficient evidence to sustain the jury's verdict.

\*     \*     \*     \*     \*     \*

## ISSUE I

Prior to the start of trial, the defendant filed a motion in limine to exclude specific evidence and testimony concerning any identification of the defendant by three of the State's witnesses. In his motion the

defendant stated that the witnesses' identifications were tainted by an impermissibly suggestive lineup conducted prior to trial. At the lineup, each participant was required to step forward and state his name, despite the witnesses' alleged knowledge that the suspect's name was James Stubblefield. The motion was denied by the trial court.

■ At the hearing held on the defendant's motion, the only evidence introduced by the defendant addressing the possible suggestiveness of the lineup was a transcript of testimony presented before the grand jury. The defendant, however, failed to include this evidence in the record, and therefore, we are unable to determine the basis upon which the trial court made its ruling, and consequently whether any error occurred. It is the appellant's duty to present this Court with a proper record. *Pulliam v. State*, (1976) 264 Ind. 381, 345 N.E.2d 229.

■ In addition, the defendant failed to object at trial to the admission of the identification testimony. We have repeatedly stated that the failure to object at trial to the admissibility of evidence, constitutes a waiver of the issue, preserving nothing for review. This is true, even where a motion in limine has been overruled prior to trial. *Pointon v. State*, (1978) Ind., 372 N.E.2d 1159; *Harrison v. State*, (1972) 258 Ind. 359, 281 N.E.2d 98.

■ We find no error in the admission of the identification testimony.

## ISSUE II

The defendant challenges the sufficiency of the evidence upon which the verdict was based contending in part, that without the tainted identifications, the State's case consisted solely of circumstantial evidence, and in part, that there was insufficient evidence of malice and purpose. Inasmuch as we have determined that there was no error in admitting the identification testimony, we need not address this portion of the defendant's argument further.

■ As to the defendant's claim that the State failed to establish the requisite elements of purpose and malice, let us first note that in a sufficiency review we will not reweigh the evidence nor will we judge the credibility of the witnesses. *Beasley v. State*, (1977) Ind., 370 N.E.2d 360. Only that evidence of probative value most favorable to the State together with all reasonable inferences to be drawn therefrom will be considered, in an effort to determine if such evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831.

■ The evidence as viewed in such a light consists of the following:

The decedent, accompanied by several friends including Anthony Ward, left a tavern in the early morning hours of August 31, 1975. As he was about to get into Ward's automobile, the defendant drove up, parked his automobile across the street and walked over to the decedent. They became involved in a conversation during which time the defendant took a small gun from his belt, shot the decedent in the stomach turned and ran. The automobile from which the defendant emerged was later identified as having belonged to the defendant.

It has been stated many times by this Court that malice may be inferred from the intentional use of a deadly weapon in a manner likely to cause death or great bodily injury, with the purpose to kill inferred from the act of killing. *Kerns v. State*, (1976) Ind., 349 N.E.2d 701. In the instant case, three eyewitnesses to the shooting testified that the decedent had been in a very jovial mood at the time that he was approached by the defendant. There were no outward signs of any hostility other than the defendant's statement made immediately preceding the shooting, "Get ready to die * * *." Such evidence clearly sustains the jury's finding that the defendant acted with the requisite malice and purpose to support a conviction of second degree murder.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.