**Jeffrey Scott ALLEN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 778S125.

Supreme Court of Indiana.

Aug. 24, 1979.

Harriette Bailey Conn, Public Defender of Indiana, K. Richard Payne, Sp. Asst., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from a denial of post-conviction relief. Appellant had originally entered a plea of guilty to second degree murder and had been sentenced to a term of 15 to 25 years' imprisonment. Appellant contends the post-conviction court erroneously sustained the original trial court's finding that appellant's plea of guilty was entered voluntarily. He claims his plea was induced by an offer of leniency under the Minor's Act statute, IC § 35–8–3–1 [Burns 1975]. This statute, when applied, provides for a maximum sentence of one to ten years. Appellant claims that at the time of his plea he was 17 years old, inexperienced and retarded, and therefore unable to give an informed plea. He claims the plea agreement was discussed out of his presence with his parents and grandparents, and that he was not fully advised of his rights by his attorney.

The general test for determining the validity of a guilty plea is whether the plea was given voluntarily, knowingly and understandingly. *Simmons v. State* (1975) 263 Ind. 645, 336 N.E.2d 644. In a post-conviction hearing the petitioner has the burden of establishing his ground for relief by a preponderance of the evidence. *Lenoir v. State* (1977) Ind., 368 N.E.2d 1356; PC 1, § 5.

At the sentencing proceeding the trial judge stated: "I am going to sentence you under the Minor's Act Statute and for the offense to which you pled guilty to the Indiana Department of Correction for not less than fifteen nor more than twenty-five years." Appellant cites this statement to support his contention that he would not have pled guilty except for the agreement that he was to be sentenced under the Minor's Act statute. The post-conviction court held that the trial court had "inadvertently" referred to the Minor's Act and that the sentence was based upon the actual agreement between the appellant and the State. The transcript of the arraignment and the guilty plea proceeding supports this finding.

The appellant testified that he fully understood his rights and that his plea was being entered voluntarily and with full understanding of the consequences. He stated that his attorney had fully advised him of his rights and that he was satisfied with that attorney's representation. He stated that he understood the penalty for second degree murder to be either life imprisonment or 15 to 25 years. When informed that the State had recommended a 15 to 25-year sentence, the appellant stated that he understood that to be the plea agreement and that he would rather take the 15 to 25-year sentence than risk life imprisonment. The post-conviction court therefore committed no error in holding that appellant's plea was given voluntarily and that the plea agreement called for a 15 to 25-year term, instead of a one-to-ten year term, as the appellant claims.

▪ Appellant next alleges that the sentence of 15 to 25 years was excessive in light of the trial court's statement that appellant was being sentenced under the Minor's Act statute. As noted above, the post-conviction court properly concluded that the trial court's reference to the Minor's Act statute was inadvertent and that the plea agreement called for a 15 to 25-year sentence instead of a one to ten-year term of imprisonment. Further, the Minor's Act specifically states that its provisions do not apply to persons convicted of an offense punishable by life imprisonment or death. The appellant was not entitled to the benefit of the Minor's Act statute.

The order denying post-conviction relief is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.