Gordon Bernard McCRANEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 980S367.

Supreme Court of Indiana.

Sept. 3, 1981.

Thomas J. Mullins, Ross Commons, Merrillville, for appellant.

Theodore L. Sendak, Atty. Gen., William F. Buchanan, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Murder, Ind.Code § 35–42–1–1 (Burns 1979), after trial by jury and sentenced to forty (40) years imprisonment.

It is difficult for us to determine from the defendant's brief what issues are presented for review. Under his "Statement of the Issues" we find the following:

"The issues of fact were formed by the Indictments charging Murder (Tr. 7), Murder in the Perpetration of Robbery, (Tr. p. 8) and Murder in the Perpetration of Burglary, (Tr. p. 10) and Defendant-Appellant, GORDON BERNARD

McCRANEY'S, plea of not guilty entered on February 14, 1979, (Tr. p. 24)."

These are the issues which were before the trial court, and this statement presents nothing for review to this Court. Ind.R. App.P. 8.3(A)(3).

From our examination of the Argument section of the brief, it appears that the defendant intends to assign the following issues:

(1) Whether the trial court improperly admitted evidence of other crimes.

(2) Whether the trial court erred in not allowing the defendant to elicit evidence concerning a pending rape charge against one of the State's witnesses.

(3) Whether the trial court erred in failing to grant a mistrial when the prosecutor elicited testimony from a witness in violation of the defendant's motion in limine.

\*　　\*　　\*　　\*　　\*　　\*

### ISSUE I

■ The defendant, Benny Greenwade, and Austin Mitchell were indicted for the murder of Truly Vaughn. The State's main witness was Austin Mitchell. Mitchell testified that shortly prior to the commission of the crime, he and Greenwade had discussed the possibility of "pulling stick-ups" with Mitchell and others. Defendant was not present when such discussion occurred. Thereafter the group obtained a .38 caliber gun from a friend and the automobile of the defendant's brother-in-law. The defendant drove the vehicle until Greenwade told him to stop at a Clark Oil Station. Mitchell gave Greenwade the gun:

"A He got out of the car, and we drove off about a block away. Greenwade stayed gone about five or maybe ten minutes, and he came back. He said that they didn't have any money, you know."

Prior to trial the defendant filed a motion in limine to prevent the introduction of evidence relating to this attempted robbery. The motion was denied. The defendant contends that the trial court erred in admitting the evidence. Mitchell's testimony about this incident was received without objection. Additionally, Mitchell's state-

ments to the police, which also related this incident, were received into evidence without objection. Under this state of the record the alleged error is not available for review. *Stubblefield v. State,* (1979) Ind., 386 N.E.2d 665, 667 (cases cited therein).

### ISSUE II

■ The defendant contends that the trial court erred in not allowing him to elicit evidence concerning a Rape charge pending against Mitchell. Mitchell placed the defendant at the scene of the murder and testified that the defendant fired a gun at Vaughn after Mitchell had wounded Vaughn. Defendant asserts that the jury should have been allowed to consider how the pending Rape charge would bear on Mitchell's credibility.

Prior to trial the State filed a motion in limine to prevent the defendant from mentioning the pending Rape charge in front of the jury. The record contains no ruling upon that motion. We have examined the testimony of Mitchell. The defendant made no attempt at any point in the examination of Mitchell to offer evidence of a pending rape charge. *Drollinger v. State,* (1980) Ind., 408 N.E.2d 1228, 1239. Under these circumstances the alleged error is not available for review. *See French v. State,* (1980) Ind., 403 N.E.2d 821, 826 (error in exclusion of evidence that deceased was a man of violence not preserved where defendant made no offer to prove); *State v. Church of the Nazarene of Logansport,* (1978) 268 Ind. 523, 532, 377 N.E.2d 607, 612 (offer to prove is required to preserve error in the sustaining of a motion in limine); *Niehaus v. State,* (1977) 265 Ind. 655, 660, 359 N.E.2d 513, 515, *cert. denied,* (1977) 434 U.S. 902, 98 S.Ct. 297, 54 L.Ed.2d 188 (trial court's sustaining of the State's motion in limine requires the defendant to make an offer of proof of the evidence that was excluded); *Manning v. Allgood,* (1980) Ind. App., 412 N.E.2d 811, 817 (where trial court sustained the plaintiff's motion in limine, the defendant must still offer the evidence that is subject to the motion to obtain a final ruling on its admissibility).

## ISSUE III

At trial, Mitchell testified that the defendant was carrying a .22 caliber gun when Mitchell, the defendant, and Greenwade went up to Truly Vaughn's porch. Later the defendant fired three or four shots at Vaughn, while Vaughn lay wounded on the kitchen floor. In the middle of the trial, on February 26, 1980, more than a year after the shooting, the police discovered two .22 caliber slugs in the kitchen wall. Previously, they were thought to be nail holes. A picture of the kitchen wall, which showed the holes, had been admitted into evidence. In his opening statement, defense counsel told the jury that no .22 caliber slugs were found in Vaughn's residence. The defendant made an oral motion in limine and an oral motion for a protective order. The ground for these motions was the State's failure to comply with the trial court's pretrial discovery order. After a hearing, out of the jury's presence, in which evidence and testimony relating to the discovery of the slugs was taken, the trial court granted the defendant's motion in limine.

On the next day of trial, defense counsel approached the bench after the State requested leave of court to recall the police officer who had discovered the .22 caliber slugs. A lengthy discussion and argument between counsel followed in which the defendant asserted that the State was going to try to violate the limine order. The trial court ruled that it would limit the prosecution to questioning about the nail holes themselves. The prosecutor also tendered a later photograph of the kitchen wall, taken on February 26, 1980, which showed the holes close-up. The photograph was admitted over objection. Thereafter the police officer testified as follows:

"Q  Would you please to (sic) the same to State's No. 44, circle the area where those same two holes appear? Now, Officer, in looking at State's No. 35 and State's No. 44, can you tell this Jury whether or not those holes, as depicted on those exhibits, are consistent with the holes caused by a .22 caliber bullet?

"A  They appear to be.

"Q  They could be caused by a .22 caliber; is that correct?

"A  Yes, sir."

There was no objection to this testimony.

The defendant contends " * * * that the trial court committed reversible error in its failure to grant a Motion for Mistrial when the Prosecutor elicited testimony from Officer Lach concerning his opinion that two (2) holes in the kitchen area appeared to be .22 caliber holes, in violation of Defendant's Motion in Limine."

The granting of a motion in limine is not a final determination of the admissibility of the evidence referred to in the motion. *Gilliam v. State*, (1978) 270 Ind. ——, ——, 383 N.E.2d 297, 301. The defendant must make a timely objection to the evidence at trial to preserve any error in its admission. *Lagenour v. State*, (1978) 268 Ind. 441, 449, 376 N.E.2d 475, 481. If a timely objection is made, the appellate court will determine the propriety of admitting the evidence. *Young v. State*, (1980) Ind., 409 N.E.2d 579, 581; *Tippett v. State*, (1980) Ind., 400 N.E.2d 1115, 1117; *France v. State*, (1979) Ind.App., 387 N.E.2d 66, 70–71. The record shows no objection by the defendant and no motion for a mistrial. *Rex v. State*, (1976) 171 Ind.App. 104, 108, 355 N.E.2d 282, 285.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.