**STATE of Indiana, Appellant,**

v.

**William HICKS, Appellee.**

**No. 283S33.**

Supreme Court of Indiana.

Sept. 30, 1983.

Rehearing Denied Nov. 23, 1983.

Linley E. Pearson, Atty. Gen. of Ind., Indianapolis, John H. Meyers, Pros. Atty. for the 23rd Judicial Circuit, Lafayette, for appellant.

Susan K. Carpenter, Public Defender of Ind., C.H. Gardner, Deputy Public Defender, Indianapolis, for appellee.

GIVAN, Chief Justice.

The State brings this appeal following the granting of appellee William Hicks' Motion to Dismiss the habitual offender count of a criminal information.

The facts are these. Hicks and two accomplices burglarized a dwelling in Tippecanoe County. An information charging all three with Burglary and Attempted Theft was filed on August 10. The arraignment was set for August 23. At the hearing held on that date, Hicks entered a plea of guilty to both counts which the court accepted.

On August 31, the prosecutor filed an "Information of Habitual Offender" as to Hicks. The essential allegation of this pleading was that Hicks had accumulated three prior unrelated felony convictions.

On September 8, Hicks filed a Motion to Dismiss the Habitual Offender Allegations. The court heard argument on the motion at the September 20 sentencing hearing and also entertained an oral motion from the prosecutor to amend the information originally filed. This motion was denied. On September 24, the court granted Hicks' Motion to Dismiss. On September 29, the State filed a written Motion to Amend, but it was also denied. Hicks was sentenced to a twenty year term of imprisonment upon conviction on the burglary charge. The State timely perfected its appeal.

Appellee Hicks contends on several grounds this Court has no jurisdiction to hear this appeal and also that the State has no right to appeal this case.

■ Hicks argues we should dismiss the appeal for the State's failure to include a jurisdictional statement in its brief. Ind.R. App.P. 8.3(A)(2) states:

"When a direct appeal (*other than in a criminal action*) is taken to the Supreme Court there shall be included under a heading entitled 'Jurisdiction of the Supreme Court,' a brief statement of why, in appellant's opinion, the Supreme Court has jurisdiction to hear the direct appeal." (Emphasis added.)

The State correctly points out since this is an appeal "in a criminal action," notwithstanding the fact it is an appeal by the State, no jurisdictional statement is required in the appellant's brief under the rule.

Hicks asserts jurisdiction in this Court cannot be found anywhere in Ind.R.App.P. 4(A), which sets out the kinds of appeals in which this Court has exclusive jurisdiction. The rule reads in part:

"(A) Appeals from Final Judgments. Appeals may be taken by either party from all final judgments of circuit, superior, probate, criminal, juvenile, county, and where provided by statute for municipal Courts. A ruling or order by the trial court granting or denying a motion to correct errors shall be deemed a final judgment, and an appeal may be taken therefrom. The Supreme Court shall have exclusive jurisdiction of:

\*　　\*　　\*　　\*　　\*　　\*

"(7) Appeals in criminal cases from judgments (sentences) imposing a sentence of death, life imprisonment or a minimum sentence of greater than ten [10] years. If the appeal is from the denial of post-conviction relief, jurisdiction shall be determined by reference to the sentence originally imposed." *Id.*

Hicks is incorrect. In the case at bar this is an appeal from a judgment or a sentence for more than ten years imprisonment and hence this Court has exclusive jurisdiction over the appeal pursuant to Appellate Rule 4(A)(7).

■ Hicks contends the State has no right to appeal in this case because it is not the kind of case from which an appeal by the State is allowed. He correctly points out the State's right to appeal in criminal cases is purely statutory. *State v. Holland,* (1980) Ind., 403 N.E.2d 832; *State v. Sierp,* (1973) 260 Ind. 57, 292 N.E.2d 245. The statute governing the State's right to appeal in criminal cases is I.C. § 35–1–47–2 [Burns 1982 Supp.]. In pertinent part it reads:

"*Appeal by state.* Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:

(1) From an order granting a motion to dismiss an indictment or information." *Id.*

We disagree with Hicks that this appeal does not fall within the purview of the statute. It is clear upon examining the State's brief and its Motion to Correct Errors that the error the State claims was committed by the trial court was its grant of Hicks Motion to Dismiss the information adding an habitual offender allegation to the original charge. Accordingly, this appeal is authorized under I.C. § 35–1–47–2(1) as an appeal "[f]rom an order granting a motion to dismiss an ... information."

He argues the State waived any objection to this ruling by failing to preserve the error for review. *See, e.g., McCraney v. State,* (1981) Ind., 425 N.E.2d 151; *Stubblefield v. State,* (1979) 270 Ind. 421, 386 N.E.2d 665. Hicks contends at the August 23 arraignment when he entered his guilty plea and the State made known its intent to file an habitual offender allegation, the State should have objected to the acceptance of Hicks' guilty plea, or asked for a continuance of the arraignment, or dismissed the charges and refiled them later with the habitual offender allegation added, in order to preserve the error now claimed.

The error claimed is the trial court's September 24 grant of the Motion to Dismiss. We are at a loss to understand how the State could waive an objection regarding that ruling by its conduct at a proceeding

conducted almost one month earlier, when neither the Motion to Dismiss nor the amendment it attacked had yet been filed.

Turning to the issue on the merits of whether the trial court erred in granting the Motion to Dismiss, we look first to the habitual offender statute, I.C. § 35–50–2–8 [Burns 1982 Supp.]. It reads in pertinent part:

"Habitual offenders.—(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two [2] prior unrelated felony convictions.

(b) After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, a person has accumulated two [2] prior unrelated felony convictions. However, a conviction does not count, for purposes of this subsection, if:

(1) It has been set aside; or

(2) It is one for which the person has been pardoned.

(c) If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing; if the trial was to the court, or the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing, under I.C. § 35–4.1–4–3 [35–50–1A–3]." *Id.*

We have held the statute provides a mechanism for the enhancement of a sentence imposed upon conviction on the underlying felony when it is proven the defendant has accumulated two prior unrelated felony convictions. *Yager v. State,* (1982) Ind., 437 N.E.2d 454; *Griffin v. State,* (1981) Ind., 415 N.E.2d 60. The statute does not name a crime in and of itself. *Funk v. State,* (1981) Ind., 427 N.E.2d 1081; *Griffin, supra; Hall v. State,* (1980) Ind., 405 N.E.2d 530.

▪ Also, relevant to our consideration of this appeal is I.C. § 35–3.1–1–5 [Burns 1979 Repl.] (repealed by Indiana Acts 1981, P.L. 298, § 9), in force at the time of appellant's arraignment and sentencing. That statute provided for amendment of a criminal information or indictment. It provides:

"Amendment of charge.—(a) An indictment or information which charges the commission of an offense shall not be dismissed but may be amended on motion by the prosecutor at any time because of any immaterial defect, including:

(1) Any miswriting, misspelling, or grammatical error;

(2) Any misjoinder of parties defendant or offenses charged;

(3) The presence or absence of any unnecessary or repugnant allegation;

(4) The failure to negative any exception, excuse, or proviso contained in the statute defining the offense;

(5) The use of alternative or disjunctive allegations as to the acts, means, intents, or results charged;

(6) Any mistake in the name of the court or county in the title of the action, or the statutory provision alleged to have been violated;

(7) The failure to state the time or place at which the offense was committed where time or place is not of the essence of the offense;

(8) The failure to state an amount of value or price of any matter where such value or price is not of the essence of the offense; or

(9) Any other defect which does not prejudice the substantial rights of the defendant.

(b) The indictment or information may be amended in matters of substance or form by the prosecutor upon giving notice to the defendant and with the consent of the court, at any time before arraignment. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

(c) Upon motion of the prosecutor the court may at any time before, during, or after the trial permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any adjournment or postponement of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense.

(e) Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the offense charged; nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state an offense or legal insufficiency of the factual allegations." *Id.*

As to the relationship between the above statute and the habitual offender statute, I.C. § 35–50–2–8(a) states the habitual offender allegation is made "by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two [2] prior unrelated felony convictions." The State is not foreclosed from seeking sentence enhancement under the statute because the allegation is not made at the time the original information or indictment alleging the underlying felony is filed. Rather, the State may file the habitual offender allegation as an amendment to the original charge. *See, e.g., Barnett v. State,* (1981) Ind., 429 N.E.2d 625; *Dorton v. State,* (1981) Ind., 419 N.E.2d 1289; *Gilmore v. State,* (1981) Ind., 415 N.E.2d 70.

Appellee's Motion to Dismiss was premised on alternative grounds. First he contended the filing by the State of the "Information of Habitual Offender" on August 31 did not comply with I.C. § 35–3.1–1–5(c). He argued the filing was in improper form generally because it was not in the form of a motion to amend the information. Moreover, he argued the filing at the point in time it was made, after he entered his plea of guilty to the underlying felony, should not be allowed because it would "prejudice [his] substantial rights." I.C. § 35–3.1–1–5(c). Second, he argued any prosecution of him as an habitual offender was barred by reason of a previous prosecution.

The trial court granted the Motion to Dismiss on the grounds the filing, if permitted, would in terms of I.C. § 35–3.1–1–5(c) "prejudice the substantial rights of the defendant." The judge stated he was not granting the motion because of the improper form in which the habitual offender allegation was tendered for filing, *i.e.,* that it was not in the form of a motion to amend. It should be noted that at the hearing on the Motion to Dismiss the State conceded the pleading was not filed as an amendment to the original information, in terms of the language of the pleading itself, but made an oral motion to amend at that time, which was denied. The prosecutor's written motion to amend, however, was filed after the Motion to Dismiss was granted. The trial judge specifically rejected Hicks' second argument in support of the Motion to Dismiss, that to permit an adjudication of him as an habitual offender would violate the double jeopardy clause.

On appeal the State contends the trial court erred in granting the Motion to Dismiss because if the amendment was allowed no substantial right of the defendant would be prejudiced, *i.e.,* there was no failure to comply with I.C. § 35–3.1–1–5(c). The State relies on the fact the record shows that prior to his entry of a plea of guilty Hicks had notice of the State's intent to file an habitual offender allegation but had not done so because the necessary proof had not yet been assembled. The State cites *Oyler v. Boles,* (1962) 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 for the proposition that due process does not require notice and an opportunity to be heard regarding a recidivist allegation prior to trial or admission of guilt of the underlying felony. Moreover, the State contends *Lewis v. State,* (1975) 166 Ind.App. 553, 337 N.E.2d 516 is controlling in the case at bar. The State cites the

*Lewis* case for the proposition that the filing of an habitual offender allegation is proper so long as it is filed "while the court retained jurisdiction to impose sentence for the substantive offense." *Id.* at 562, 337 N.E.2d at 521. The State asserts since the habitual offender allegation was indeed filed before the court had sentenced Hicks in this case, under *Lewis, supra,* it was properly filed as to its timing and should not have been dismissed via grant of Hicks' Motion to Dismiss.

We conclude the grant of the Motion to Dismiss was improper. We first turn to the statute governing motions to dismiss. I.C. § 35–3.1–1–4 [Burns 1979 Repl.] (repealed by Indiana Acts 1981, P.L. 298, § 9), in force at the time provide in pertinent part:

"Motion to dismiss.—(a) the court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:

(1) The indictment or information or any count thereof, is defective under section 6[35–3.1–1–6] of this chapter.

(2) Misjoinder of offenses or parties defendant, or duplicity or [of] allegation in counts.

(3) The grand jury proceeding was defective.

(4) The defendant has immunity with respect to the offense charged.

(5) The prosecution is barred by reason of a previous prosecution.

(6) The prosecution is untimely brought.

(7) The defendant has been denied the right to a speedy trial.

(8) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.

(9) The indictment or information does not state the offense with sufficient certainty or the facts stated do not constitute an offense.

(b) Except as otherwise provided, a motion pursuant to this section shall be made prior to arraignment and plea. A motion made thereafter may be summarily denied if based upon a ground specified in subdivision (a)(1), (a)(2), (a)(3), or (a)(9) of this section. A motion to dismiss based upon a ground specified in subdivision (a)(4), (a)(5), (a)(6), or (a)(7) of this section may be made or renewed at any time before or during trial. A motion to dismiss based upon lack of jurisdiction over the subject matter may be made at any time." *Id.*

■ We conclude in this case there would have been no prejudice of a substantial right to Hicks had the amendment been permitted. Hicks first argues the right to be protected from double jeopardy would be prejudiced if he was prosecuted on the habitual offender amendment. We note this is not the same double jeopardy argument he originally made in the Motion to Dismiss. Now he contends jeopardy attached to the burglary charge when he pleaded guilty to that charge on August 23. *See Stowers v. State,* (1977) 266 Ind. 403, 363 N.E.2d 978. Then he concludes that to add an habitual offender allegation after jeopardy had attached to the underlying felony is akin to attempted prosecution for a greater offense after prosecution for a lesser included offense. He asserts the crime of burglary is a lesser included offense of the crime of "burglary as an habitual offender."

■ Undoubtedly a defendant cannot be prosecuted for the greater offense after jeopardy has attached via entry of a plea of guilty to a lesser included offense. *Brown v. Ohio,* (1977) 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187. But Hicks' characterization of a charge of burglary with an allegation the defendant is an habitual offender as a "greater offense," the lesser offense being a charge of burglary against the same defendant but without an habitual offender allegation, is manifestly incorrect. Fundamentally such a position is clearly erroneous because it overlooks the rule that an habitual offender allegation is not a separate crime but merely a vehicle for sentence enhancement. *Yager, supra; Funk, supra; Griffin, supra.* The defendant charged with a felony and additionally alleged to be an habitual offender is charged with exactly the same crime as he would be if only charged with the felony. In no sense can it

be said there is a crime of "burglary as an habitual offender," with an element of proof thereof being that the defendant has accumulated two prior unrelated felony convictions.

■ Hicks argues allowing the amendment would have prejudiced his substantial rights because I.C. § 35–50–2–8 contemplates that the habitual offender allegation will be attached to the original charging instrument, that once he has pleaded guilty to the original charge it has "blossom[ed] into a conviction" and hence there is no longer a charging instrument of any legal effect to which the habitual offender allegation can attach.

This argument is deficient in several respects. First, though the statute contemplates an attachment to the original charge, we have made it clear this does not prohibit the addition of the allegation by amendment. *See, e.g., Barnett, supra; Dorton, supra; Gilmore, supra.* Moreover, Hicks cites no authority for the proposition that once a defendant has plead guilty to a charge it "blossoms into a conviction" such that an habitual offender allegation has nothing to which to attach, nor are we aware of any such authority. If this part of the argument is carried to its logical conclusion, there could never be any adjudication of a defendant as an habitual offender after his guilty plea was entered. Even if the allegation accompanied the original filing, entry of the plea would, under Hicks' analysis, bar the habitual offender adjudication. The statute, however, clearly allows for an habitual offender adjudication following a plea of guilty. I.C. § 35–50–2–8(c) states: "If the person was convicted of a felony in a jury trial . . . *or the judgment was entered on a guilty plea* . . . ." (Emphasis added.) This language, though it does not answer the precise question raised in this case, clearly contemplates that there is a way to adjudicate a defendant to be an habitual offender when he pleads guilty to the underlying felony.

■ Finally Hicks argues the trial judge was correct in ruling the amendment should not be permitted because of prejudice to his substantial rights, those rights being his right to a jury trial in lieu of pleading guilty. He relates this argument to the fundamental requirement that a plea of guilty must be made knowingly and voluntarily. *Allen v. State,* (1979) 271 Ind. 402, 393 N.E.2d 159; *Simmons v. State,* (1975) 263 Ind. 645, 336 N.E.2d 644. Hicks points out one requirement under the statute is that the defendant who manifests his desire to plead guilty must be advised "of the maximum possible sentence and minimum sentence for the offense charged and of any possible sentence enhancement by reason of the fact of a prior conviction or convictions . . . ." I.C. § 35–4.1–1–3(d).

Hicks claim is that in a case such as this, where the guilty plea is entered, the necessary advisements are given, and the plea is accepted, all at a time when no habitual offender allegation is yet a part of the charge, the plea of guilty to the underlying felony cannot be made knowingly and voluntarily because the court cannot give the I.C. § 35–4.1–1 3(d) advisement as to the possibility of a sentence enhancement due to prior felony convictions.

We disagree. In any situation such as the one in the case at bar as of the August 23 sentencing hearing at which the defendant offered to plead guilty before an habitual offender allegation was filed, the key is whether at that time the court is aware of the possibility that the State will file an habitual allegation. Armed with that knowledge of the State's intent to do so the judge can, and indeed would be required to advise the defendant of the possibility that following his conviction upon plea of guilty to the underlying felony the sentence on that felony can be enhanced by as much as thirty years if an habitual offender allegation is filed and proven.

At this point *Lewis, supra,* becomes relevant and lends additional support to the conclusion we have reached. Though Hicks is correct in pointing out the language in the case relied on by the State is dictum, it is still persuasive. In the *Lewis* case the prosecutor moved to amend the original information after a bench trial for theft in

order to invoke the habitual offender sentence enhancement. The trial court allowed the amendment but incorrectly failed to hold an evidentiary hearing as to the existence of prior felony convictions and instead relied merely on the presentence report. The Court of Appeals remanded the case for correction of sentencing and then posed the rhetorical question, "[M]ust the court on remand sentence Lewis as for a first offense since no charge of recidivism was contained in the information under which she went to trial?" *Id.* 166 Ind.App. at 560, 337 N.E.2d at 519. The Court stated:

> "Since the accused's status as a subsequent offender does not create a separate substantive offense, it would appear that any proceedings to secure the recidivist penalty must be initiated while the trial court has jurisdiction to impose sentence for the substantive offense." *Id.* at 561, 337 N.E.2d at 520.

It is this language the State relies on in the case at bar in arguing the habitual offender amendment after the plea of guilty is entered is permissible so long as sentence has not yet been imposed. We find, however, that other language in *Lewis, supra,* is even more supportive of the result we have reached. The Court in the *Lewis* case further stated:

> "We recognize that from an accused's standpoint, the ultimate in fairness is achieved where he is advised, before being asked to plead to the substantive offense, that the state will seek to impose the recidivist penalty." *Id.*

This language reflects the point we have made that the key to assuring that the plea of guilty is knowingly and voluntarily entered is notice of the State's intent to file a recidivist allegation, not that the State has actually done so, in order that the defendant may be advised as to the effect on his sentence if the habitual offender allegation is filed and proven.

We also point out the second argument Hicks raised in his Motion to Dismiss is the same double jeopardy argument we have rejected in the past in challenges to the constitutionality of I.C. § 35–50–2–8. *See, e.g., Smith v. State,* (1981) Ind., 422 N.E.2d 1179; *Shepler v. State,* (1980) Ind., 412 N.E.2d 62; *Hall, supra.*

We hold the judge erred in the case at bar in granting Hicks' Motion to Dismiss the proposed habitual offender amendment and also in denying the State's motions to amend the original charge, said rulings premised on the ruling allowing the amendment would prejudice Hicks' substantial rights. The record shows, however, despite the fact the State informed the court of its intention to file an habitual offender allegation and the court thus could have informed Hicks of the effect of a successful prosecution under the statute on his sentence and thereby met its obligations under I.C. § 35–4.1–1–3(d), the court did not do so. We concede the overall voluntariness of Hicks' plea of guilty is suspect since the plea was entered without any advisement to him as to the effect of an adjudication he was an habitual offender on his sentencing. Therefore, we remand the case with instructions to vacate the grant of Hicks' Motion to Dismiss and the denials of the State's motions to amend the original information and to grant the State's motions to amend. However, the court is also instructed to bring Hicks into court for a hearing at which he shall be advised of the effect of a successful habitual offender adjudication on his sentence for the underlying felony. He shall be allowed upon motion to withdraw his plea of guilty without any further showing of necessity "to correct a manifest injustice" being required. *See* I.C. § 35–35–1–4(c) [Burns 1982 Supp.].

This cause is reversed and remanded.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

The majority opinion fashions an appellate remedy for the State which is forbidden by the protection of Article I, Section 14 of the Indiana Constitution against jeopardy of second punishment. The record

shows that appellant pleaded guilty to burglary and attempted theft; the trial court then accepted that plea, conducted a sentencing hearing, and upon giving aggravating effect to his previous convictions, sentenced him to a twenty year term of imprisonment. Appellant is now in the process of serving that sentence. As I understand it, the majority opinion contemplates that he will now be returned to the trial court, the charge will be amended to include the habitual offender allegations, and he will be subjected to a new sentencing hearing, the purpose of which will be to produce a new and greater sentence. This cannot be done.

It is the settled general law that a court cannot increase a sentence after the defendant has begun to serve it. *Ex Parte Lange v. United States,* (1874) 18 Wall. 163, 21 L.Ed. 872. Exceptions to the rule exist where the defendant applies for review or reconsideration of his sentence, *Ledgerwood v. State,* (1892) 134 Ind. 81, 33 N.E. 631, and where the sentence itself is illegal. *Vawter v. State,* (1972) 258 Ind. 168, 279 N.E.2d 805. Neither of these exceptions applies here. Appellant has made no application regarding his sentence, and the twenty year sentence is a valid statutory sentence for the crime of burglary. Any error of the judge in assessing whether the State's proposed amendment would in terms of Ind.Code § 35–3.1–1–5(c) "prejudice the substantial rights of the defendant" is simply that, an error which may be said to have led to an erroneous judgment or sentence. Erroneous sentences partially served, like erroneous acquittals, and unlike illegal or void sentences, resulting from regular and deliberative judicial processes, are insulated from legal attack by the State by reason of the policy of our Indiana Bill of Rights.