**Samuel Anthony JORDAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 3–983A312.

Court of Appeals of Indiana, Third District.

July 25, 1984.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION ON PETITION FOR REHEARING

HOFFMAN, Judge.

On June 13, 1984, this Court entered a decision upon the appeal of Samuel Anthony Jordan. In that decision we reversed Jordan's conviction for deception, a Class A misdemeanor.[1] The State then filed this petition for rehearing. It is now the decision of this Court to grant that petition for rehearing.

Appellant raised two issues for review:

(1) whether the evidence was sufficient to support his conviction; and

(2) whether the trial court erred in denying his motion to suppress evidence.

The standard of review applicable to challenges to the sufficiency of the evidence has been oft-stated. The evidence is viewed in a light most favorable to the verdict. The credibility of witnesses is not rejudged and the evidence is not reweighed. If there is substantial evidence as to each element of the crime charged, the conviction shall be upheld. *Washington v. State*, (1982) Ind. 441 N.E.2d 1355.

In the case at bar the record discloses that Jack Barbour, a security officer for Cox Cable, observed an illegal cable television connection giving cable service to 2515 Oliver Street in Fort Wayne, Indiana.

---

1. IND.CODE § 35-43-5-3(a)(6).
   "Deception
   Sec. 3. (a) A person who:
   \*     \*     \*     \*     \*     \*
   (6) with intent to defraud another person furnishing electricity, gas, water, telecommunication, or cable TV service, or any other utility service, avoids a lawful charge for that service by scheme or device or by tampering with facilities or equipment of the person furnishing the service;
   \*     \*     \*     \*     \*     \*
   commits deception, a Class A misdemeanor."

About a week later, Barbour returned to the residence accompanied by a uniformed Fort Wayne police officer. The two men knocked on the door of the residence and a woman identified as Mary Jordan reluctantly let them inside. After talking with the woman, they went upstairs to the room where the cable was believed to be inserted. Barbour knocked on the door to the room and a male voice answered, "you're not coming in, there's no cable in this room." They advised the man in the room that they would file charges against the woman and returned downstairs with her. Subsequently, a man identified as Samuel Jordan came downstairs and was upset. Barbour then went upstairs and in the previously closed room observed two televisions, a window opened a few inches, and a cable hanging outside.

In the original decision of this appeal, the Court stated there was absolutely no evidence that Jordan was the individual spoken to behind the closed door. This statement is incorrect. While it is not clear from the record how the officers knew that Jordan was on the other side of the closed door, there is evidence in the record to that effect.

During direct examination the police officer and the cable company security officer both testified that the man who came downstairs in an agitated state of mind, Jordan, was the individual they talked to through the closed door upstairs. When the officers went upstairs, the door to the room where the cable was found was open. This was the room that had been closed and through which door they had talked to Jordan before he came downstairs. There was no evidence that the upstairs room was rented out or under any person's control other than Jordan's. This set of facts is sufficient to support appellant's conviction.

The Court next addresses appellant's challenge to the constitutionality of the officers' entry into his home and subsequent search. Initially it must be noted that appellant has waived any challenge to the admissibility of the evidence and testimony garnered through this search by his failure to make timely objection to its introduction at trial. *McCraney v. State*, (1981) Ind., 425 N.E.2d 151; *Pavone v. State*, (1980) 273 Ind. 162, 402 N.E.2d 976. Further, appellant's wife consented to the officers' entry and allowed them to search the premises. This was in her power as joint possessor of the property. A party cannot complain about the constitutionality of a search fully consented to. *United States v. Matlock*, (1974) 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 *Greer v. State*, (1970) 253 Ind. 609, 255 N.E.2d 919.

For the reasons stated above the decision of this Court entered in this matter on June 13, 1984, is withdrawn and appellant's conviction affirmed.

STATON, P.J., and GARRARD, J., concur.