Grady **VAXTER,** Appellant,

v.

**STATE of Indiana,** Appellee.

No. 285S65.

Supreme Court of Indiana.

June 12, 1987.

810

lant. Appellant entered the truck, then got out, and his accomplice started to drive the truck away.

As the truck was pulling out of the driveway, David ran outside. Thinking that it was his father in the vehicle, David intended to ask him to purchase some cigarettes. When David realized that it was not his father in the truck, he unsuccessfully attempted to prevent the accomplice from leaving. At that point he noticed appellant get into the gray Buick and attempt to start it. David pointed a pistol at appellant and ordered him to get out of the car.

For approximately one hour, David and his father stood guard over appellant, who was lying on the ground. Major Charles Grays of the Gary Police Department arrived at the scene sometime between 6:30 and 6:40 a.m. Major Grays testified that when he arrived, he observed the gray Buick parked in an awkward position with the motor running, and that "at that time, I didn't know which car was stolen or who was driving what, what type of car was involved or anything." Grays also testified that he immediately asked appellant if the gray Buick was his, to which appellant replied, "Yeah, yeah, just get me out of here." Appellant was subsequently placed under arrest and the car was towed away.

Raymond Mix testified that he owned a gray 1977 Buick with a black top which was stolen on May 28, 1984. Mix further testified that the next time he saw the car was two days later at the tow yard. The steering column had been tampered with and the door locks had been removed.

Appellant claims the trial court erred in denying his motions to dismiss, wherein he claimed the habitual offender charges were the product of prosecutorial vindictiveness. On May 29, 1984, appellant had been charged with theft. On June 1, 1984, he requested a speedy trial. On June 7, 1984, appellant filed a petition for reduction of bond. Prior to the hearing on the reduction of bond, appellant's counsel was informed by a deputy prosecutor that an habitual offender count was to be filed. Deputy Prosecutor Burke stated:

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury found appellant guilty of Theft, a Class D felony, and also found him to be an habitual offender. The court imposed an enhanced sentence of thirty-four (34) years.

The facts are: On May 29, 1984, Judy Brumfield was in her residence at 1962 Tennessee Street in Gary, Indiana. Judy's brother, David Brumfield, lived in the other half of the duplex, and her parents resided next door.

At approximately 5:30 a.m., Judy observed appellant and his accomplice get out of a gray Buick which had been parked in front of David's half of the duplex. Appellant's accomplice, who was carrying a tool, entered the gate to her parent's house. He approached her father's truck, but returned to appellant, and stated he "couldn't do this." Then he handed the tool to appel-

"So Grady wants a speedy trial. Well, here's the door prize."

■ Appellant claims this remark is evidence of prosecutorial vindictiveness. However, he also points out that Burke was not the deputy prosecutor in charge of the bond reduction hearing, but was merely a member of the staff, who made the remark concerning the filing of the habitual offender charge. Where additional charges are filed prior to trial, there is no presumption of vindictiveness; however, vindictiveness may be established if the prosecutor's charging decision was motivated by a desire to punish the defendant for doing something that the law allowed him to do. *United States v. Goodwin* (1982), 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74.

This Court has held that amending an information to include an habitual offender count after the failure of plea negotiations is a justifiable exploitation of legitimate bargaining leverage and does not constitute prosecutorial vindictiveness. *Baker v. State* (1981), Ind., 425 N.E.2d 98, 103; *see also State v. Hicks* (1983), Ind., 453 N.E.2d 1014.

The above comment by an uninvolved deputy prosecutor does not of itself indicate vindictiveness. It could just as easily have reflected a personal comment on the increase of the charge against appellant. We note here that following the filing of the habitual offender count the State did not seek an increase in appellant's bond, nor did it ask for any continuance in the trial of the case. Appellant cites *Murphy v. State* (1983), Ind., 453 N.E.2d 219 to support his claim that his motion to dismiss should have been sustained; however, *Murphy* poses an entirely different situation than the case at bar. In *Murphy*, the defendant was initially charged with a Class C felony and a Class D felony, which subjected him to the possibility of imprisonment for a maximum of twelve (12) years. However, immediately after appellant made a motion for a mistrial the State amended to "raise the ante" to a possible sentence of forty (40) years. *Id.* at 227. This Court held that such conduct on the part of the prosecutor demonstrated vindictiveness.

■ In the case at bar, the theft charge was filed on the day of appellant's arrest. Subsequently, the State learned of prior convictions. The State was entirely within its province in amending the charge to include the habitual criminal status. *State v. Hicks, supra.* We see nothing in this record to support appellant's claim of prosecutorial vindictiveness.

■ Appellant claims the trial court erred in denying his motion for continuance in order to prepare for the habitual offender proceedings. This motion was made after the return of the verdict on the theft charge and before the bifurcated hearing on the habitual offender charge. Although the habitual offender charge had been filed originally two months prior to trial, the State was permitted to amend the charge to include additional prior felonies. We fail to see any abuse of the trial court's discretion in refusing to grant the continuance under such circumstances. There is no question that counsel representing appellant did not receive the written proof of the added prior felonies upon which the State was to rely until some twenty minutes before the hearing. However, these additional felonies came to the State's attention as a result of appellant's testimony at the bond reduction hearing.

Appellant claims there is insufficient evidence to support the charges he was an habitual offender. State's Exhibit No. 1 established that Grady Vaxter was convicted of robbery on April 23, 1968. At a hearing on his petition for bond reduction in this cause, appellant testified that he spent about twenty-one months in a New Jersey prison for armed robbery. Appellant contests the admissibility of this testimony; however, that is handled subsequently in this opinion. State's Exhibits Nos. 4 and 5 established that Grady Vaxter had entered a plea of guilty to theft on January 20, 1983, that he was sentenced to prison for a period of two years. This conviction also was referred to by appellant in his testimony on his bond reduction hearing. We hold there is sufficient evidence in

this record to establish appellant's status as an habitual offender.

■ Appellant contends the trial court erred in admitting, at the habitual offender proceeding, his testimony given on cross-examination at the bond reduction hearing. He argues that State's Exhibit No. 6, containing testimony in which he admitted his prior criminal history, should not have been admitted because it represented irrelevant and prejudicial evidence of other crimes and violated his Fifth Amendment right against self-incrimination.

As to appellant's first argument, the testimony tended to link him with the official records documenting the alleged prior convictions, and, as such, was relevant to the central issues presented. *See Yurina v. State* (1985), Ind., 474 N.E.2d 93. Regarding his second contention, a similar argument was rejected by this Court in *Hernandez v. State* (1982), Ind., 439 N.E.2d 625, in which it was stated:

"[A]ppellant's admissions during the bond reduction hearing were elicited by his own defense counsel. The hearing was occasioned by appellant's own motion. As noted above, independent evidence in the form of court orders of judgment were introduced into evidence to prove the habitual criminal count. We find no error." *Id.* at 631.

Appellant concedes the applicability of *Hernandez,* but nevertheless asks us to reconsider that holding because here the testimony was elicited on cross-examination and the habitual offender allegation had not yet been filed. We cannot agree and find *Hernandez* to be controlling. The bond reduction hearing was held on appellant's motion. Appellant was represented by counsel, who called appellant to testify. Even though the habitual offender count had not yet been filed, appellant was clearly aware of the existence of his prior convictions, as evidenced by the answers he gave on cross-examination at the bond reduction hearing. Further, the testimony was not the only evidence presented by the State to prove the habitual offender allegation. The trial court did not err in admitting State's Exhibit No. 6.

Appellant contends the trial court abused its discretion by entering judgment of a Class D felony after the return of the jury's verdict on the theft charge.

It has previously been stated that in cases where the trial court has the discretion to enter judgment for a Class D felony or for a Class A misdemeanor on the underlying felony charge, the better practice is to enter judgment prior to the commencement of the recidivist hearing, thereby assuring that the defendant will not be unnecessarily subjected to the habitual offender proceeding. *Gross v. State* (1983), Ind., 444 N.E.2d 296; *Collins v. State* (1981), 275 Ind. 86, 415 N.E.2d 46, *cert. denied,* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851.

■ This was precisely the course of action undertaken by the trial court in the instant case. Appellant focuses on the fact that the court did not consider the presentence report or other evidence prior to entering judgment. Such consideration is not required, as in many instances, the presentence report may not be available at that juncture of the trial. *Gross, supra* at 229. The court had an adequate basis for entering judgment on the Class D felony, and subsequently held a full sentencing hearing and considered the presentence report before actually imposing sentence. We find no error in the trial court's entry of judgment on the underlying felony count prior to the commencement of the habitual offender hearing.

■ Appellant claims the trial court erred by admitting testimony of Raymond Mix for the reason that the testimony was irrelevant, prejudicial and introduced as surprise testimony. Mix's name was not listed as a witness on the back of the information. As a matter of fact, appellant's attorney had been advised by the deputy prosecutor that the owner of the gray Buick was going to be subpoenaed. This was conceded by counsel during the trial court proceeding where the court granted him a brief continuance for the purpose of talking to the witness. The manner of handling this type of situation is

largely at the discretion of the trial court. Evidence is generally only excludable when the State has blatantly and deliberately refused to comply with the court's discovery order. *Murray v. State* (1982), Ind., 442 N.E.2d 1012; *Parrish v. State* (1983), Ind., 453 N.E.2d 234. We see no abuse of discretion on the part of the trial court in this regard.

Appellant also claims the court erred in allowing Mix to testify because it permitted evidence of other crimes. In the case at bar, the gray Buick was so directly involved in the commission of the crime, the evidence of how it was acquired is admissible even though it tended to show the commission of another crime. *Malone v. State* (1982), Ind., 441 N.E.2d 1339; *McConnell v. State* (1982), Ind., 436 N.E.2d 1097. At the time Officer Grays arrived on the scene, appellant was being held on the ground at gunpoint by the victims of the crime. Appellant tried to convince Officer Grays that the gray Buick was his and that he had a right to leave. Evidence of the ownership of the Buick was pertinent to establish appellant's involvement in the crime.

Appellant claims the trial court erred in admitting testimony regarding his alleged acknowledgement of possession of the car found at the scene of the theft. He claims the statement was involuntarily adduced under a coerced situation. As above indicated, appellant was not in the custody of the police officer at the time he made the statement. Although he was being held at gunpoint by the victim of the crime, the officer was not fully aware of the factual situation upon his arrival. In response to his first inquiry, as to the situation, appellant made his voluntary statement of the ownership of the car and made his request to be allowed to leave. This does not constitute custodial interrogation. *Johnson v. State* (1978), 269 Ind. 370, 380 N.E.2d 1236. On the scene questioning, as to facts surrounding a crime or general questioning of citizens in an attempt to ascertain the facts, does not constitute custodial interrogation. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Appellant's final contention is that the trial court erred in refusing to give his Tendered Instruction No. 6, which defined the offense of conversion. Appellant's failure to sign the tendered instruction constitutes a waiver of any allegation of error pertaining to the instruction. *Hopper v. State* (1985), Ind., 475 N.E.2d 20; *see* Ind. Code § 35–37–2–2(6). Regardless of that omission, the court correctly refused to give the tendered instruction.

While it is true that conversion is a lesser included offense of theft, the test for determining whether it was error to refuse a lesser included offense instruction is not only whether the lesser offense is included within the greater offense as charged, but also whether there was evidence adduced at trial to which the tendered instruction was applicable. *Maisonet v. State* (1983), Ind., 448 N.E.2d 1052. Despite appellant's argument to the contrary, there was substantial evidence, as recited above, of appellant's actions relating to the "intent to deprive" element of theft. *See Id.* at 1055.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., dissents.