**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert F. BISHOP,**
**Defendant-Appellant.**

No. 84–1790.

United States Court of Appeals,
Seventh Circuit.

Argued April 9, 1985.

Decided Oct. 2, 1985.

As Amended Oct. 8, 1985.

Patrick E. McGann, Oak Lawn, Ill., for defendant-appellant.

Joseph J. Duffy, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUDAHY and COFFEY, Circuit Judges, and PECK, Senior Circuit Judge.[*]

COFFEY, Circuit Judge.

Robert Bishop appeals from a district court order entered on May 7, 1984, vacating an earlier order providing that Bishop's three-year sentence in federal court for conspiring to distribute heroin was to run concurrently with his thirty-four year sentence in Indiana state court for conspiring to commit theft. We affirm.

I.

On April 23, 1981, Bishop was convicted in federal court of conspiring to distribute heroin in violation of 21 U.S.C. § 846. He was sentenced to three years' imprisonment and the sentence was stayed pending appeal. While free on bond pending appeal to this court, Bishop was arrested in Indiana for conspiring to commit theft and was subsequently convicted in an Indiana state trial court. On June 2, 1982, the Indiana trial court sentenced him to four years' imprisonment on the conspiracy to commit theft count and an additional thirty years' imprisonment under Indiana's habitual offender statute.

After Bishop was convicted in an Indiana state court, his Indiana attorney moved to vacate the thirty-year habitual offender sentence. In the meantime, on October 5, 1982, while serving his time in Indiana,[1] Bishop wrote to the attorney who represented him in the federal court proceeding and asked that he file a motion for reduction of his sentence in the federal court of the Northern District of Illinois requesting that his federal sentence for conspiring to distribute heroin be made concurrent with his thirty-four year Indiana sentence. On October 25, 1982, the Indiana trial court vacated his thirty-year habitual offender sentence, leaving Bishop with only four years to serve on his conviction of conspiracy to commit theft. In December of 1982, this court affirmed Bishop's federal conviction for conspiracy to distribute heroin. Also in December of 1982, Bishop's federal counsel sent Bishop a copy of the reduction of sentence motion for his approval to be filed in federal court. This motion stated, in part:

"On June 2, 1982, the defendant was sentenced by Judge R. Perry Shipment of the Circuit Court of Benton County, Indiana. The defendant was sentenced to be committed in the Indiana Department of Corrections for a period of four years on his conviction of conspiracy. Additionally, the defendant was sentenced to a period of thirty years as a habitual offender to be served consecutively with the four-year sentence. Therefore, the defendant has been com-

* The Honorable John W. Peck, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, is sitting by designation.

1. While incarcerated in the Indiana State Penitentiary, Bishop had not yet commenced serving his federal sentence since his federal sentence had been stayed pending appeal of his federal conviction to this court.

mitted to the custody of the Indiana Department of Corrections for a period of thirty-four years."

After reviewing the motion, Bishop wrote back to his counsel stating, "it looks good to me. Thanks for getting right on it, and I hope you can be in court when the judge hears it so you could say something good for me in my behalf too." On January 3, 1983, the reduction in sentence motion requesting that the court modify Bishop's federal sentence to run concurrently with his alleged thirty-four year sentence in Indiana was filed in the district court,[2] and on January 18, 1983, after a hearing with Bishop's federal counsel present,[3] the court granted Bishop's motion and ordered his federal sentence to run concurrently with his Indiana state sentence.

In January, 1984, the federal court notified the government that it had learned that Bishop's habitual offender sentence of thirty years had been vacated two months before the granting of Bishop's motion to modify his federal sentence.[4] The government, after conducting an investigation into the Indiana state trial court's action of vacating the thirty-year sentence, moved to vacate the modification order on February 23, 1984. In the meantime, on February 16, 1984, Bishop was released on parole from the Indiana penitentiary. On April 27, 1984, the district court held an evidentiary hearing concerning the filing and granting of the sentence modification motion and determined that Bishop had intentionally misrepresented the Indiana state court's action and misled the court into believing that he was subject to a sentence of thirty-four years rather than the four-year sentence he was then serving in the Indiana State Penitentiary. After reviewing the evidence, including the letter from Bishop to his counsel approving of the motion to modify his federal sentence, the court found that Bishop "knew of the misrepresentation contained in his motion and

knew that it would be material to the court's disposition of the motion" and that Bishop "did not correct the motion or inform the court or his attorney of the misrepresentation, but instead purposely kept silent, intending that the court rely on the misrepresentation contained therein." District Court Order dated May 7, 1984. The district court further stated in its order that it had relied upon Bishop's representation that he was serving a thirty-four year sentence in Indiana when it granted his motion to reduce and modify his sentence. The district court vacated its order modifying Bishop's sentence and reimposed the three-year sentence for a conspiracy to distribute heroin.

The two issues presented on appeal are: whether the district court had jurisdiction to vacate its earlier order modifying Bishop's sentence; and whether the court's order vacating the order modifying Bishop's sentence to run concurrently with his Indiana sentence violates the Fifth Amendment's Double Jeopardy Clause.

## II.

Fed.R.Crim.P. Rule 35(b) provides that the court may amend the sentence within 120 days after the sentence is imposed. Bishop initially contends that since the 120-day period had expired by the time the court had reimposed his original sentence, the district court was without jurisdiction under Rule 35(b) to reimpose his sentence.

■ Bishop's argument that the court was without jurisdiction since the 120-day period in Rule 35 had expired prior to the district court reimposing his sentence is without merit as it ignores the district court's inherent power to correct a judgment procured through fraud. In *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), the Supreme Court recognized the rule that courts have the inherent power to correct judgments obtained through fraud

---

**2.** Bishop's federal counsel was the only person who signed this motion.

**3.** Bishop was not present at this hearing.

**4.** The record fails to reveal how the district court learned that Bishop's habitual offender sentence had been vacated by the Indiana court.

or intentional misrepresentation. In that case, Hazel-Atlas obtained a patent for a product; subsequently, Hartford brought suit against Hazel-Atlas for patent infringement. The district court held that Hazel-Atlas had not infringed upon Hartford's patent interest; however, the appellate court, relying on a false publication submitted by Hartford supporting its patent, disagreed and reversed the district court. Some nine years later the fraud was discovered but the appellate court mistakenly believed it to be without jurisdiction to remedy and correct the judgment. The Supreme Court, while recognizing the policy favoring finality of judgments, stated that since Hartford intended to defraud the appellate court, that court did have the power to correct the judgment:

"Equitable relief against fraudulent judgments is not of statutory creation. It is a judicially devised remedy fashioned to relieve hardships which, from time to time, arise from a hard and fast adherence to another court-made rule, the general rule that judgments should not be disturbed after the term of their entry has expired. Created to avert the evils of archaic rigidity, this equitable procedure has always been characterized by flexibility which enables it to meet new situations which demand equitable intervention, and to accord all the relief necessary to correct the particular injustices involved in the situations."

*Id.* at 248. The Court noted the appellate court's inherent authority to remedy the fraud perpetrated upon it and concluded that upon discovery of the fraud the court should place the parties in the same position as if the "corruption had been exposed at the original trial." *Id.* at 250, 64 S.Ct. at 1003.[5]

Bishop intentionally misrepresented the nature of his sentence in Indiana causing the district court to remark that it relied "on the representation that Bishop was serving a thirty-four year sentence, and on the basis of that representation, granted Bishop's motion to reduce." Since Bishop intentionally and fraudulently misrepresented the length of his Indiana sentence to the district court, the court's order vacating its January 18, 1983 order modifying Bishop's sentence placed Bishop in the same position as if his fraud or "corruption had been exposed" at the time of the granting of the order. Accordingly, Bishop was once again sentenced to serve the same three-year federal sentence previously imposed but modified as a result of the fraud for conspiracy to deal in heroin. Thus, the court not only properly exercised its inherent jurisdiction when it set aside the original order modifying Bishop's sentence, but the court fulfilled its obligation and reimposed Bishop's original sentence.

## III.

Bishop next contends that since he had already completed serving his Indiana sentence, the district court violated the Double Jeopardy Clause of the Fifth Amendment, when it reinstated his original three-year federal sentence.

Recently, the Supreme Court in *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), addressed the Double Jeopardy Clause of the Fifth Amendment as it pertains to sentencing. Although the specific issue addressed in the *DiFrancesco* decision concerned the constitutionality of the federal statute that allowed the government to appeal the imposition of a sentence, the deci-

5. The fact that this case involves a fraud perpetrated upon the court during the criminal sentencing process rather than during a civil proceeding, such as in *Hazel-Atlas*, does not change the result. It is the power of the court to correct the judgment gained through fraud which is determinative and not the nature of the proceeding in which the fraud was committed. Thus, in the analogous situation of revocation of a sentence of probation, courts have used their inherent power to revoke a sentence of probation and impose a jail term where a defendant's sentence of probation was gained through his intentional misrepresentation made to the court. *See Trueblood Longknife v. United States*, 381 F.2d 17 (9th Cir.1967), *cert. denied*, 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed.2d 987 (1968); *cf. United States v. Evans*, 459 F.2d 1134 (D.C.Cir.1972).

sion contains an important discussion and review of the history and underlying principles of the Double Jeopardy Clause. In *DiFrancesco* the Court noted that there is a "critical difference between an acquittal and a sentence" for purposes of double jeopardy analysis, *id.* at 137–38, 101 S.Ct. at 438, in that a sentence does not have the "qualities of constitutional finality that attend an acquittal," for purposes of double jeopardy analysis. *Id.* at 134, 101 S.Ct. at 436; *see also North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). However, the Court noted that the Double Jeopardy Clause does bar a sentence that imposes multiple punishment for the same offense or punishment in excess of that intended by the legislature. The Court also stated that the Double Jeopardy Clause respects the defendant's "legitimate expectations" in the finality of his sentence. *DiFrancesco,* 449 U.S. at 137, 101 S.Ct. at 437. It is within this framework that we must analyze whether reimposition of the federal sentence violates the Fifth Amendment's Double Jeopardy Clause.

■ Bishop cites *Ex parte Lange,* 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1874), and *United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931), to support his argument that once the defendant has begun serving his sentence, a court cannot modify the sentence without violating the Double Jeopardy Clause of the Fifth Amendment. Thus, Bishop contends that by reimposing his original sentence, the district court violated the rule established in these cases.[6] The Court in *DiFrancesco,* however, strictly limited the *Benz* decision stating that the only issue considered in *Benz* was whether the trial court had the power to reduce a sentence once the defendant had commenced serving the sentence. The *Benz* decision does contain dic-

ta to the effect that once a defendant has begun to serve his sentence a court cannot increase that sentence; however, the Supreme Court noted that *Benz* had erroneously relied on an earlier Supreme Court decision, *Ex parte Lange,* to support this dicta. *DiFrancesco,* 449 U.S. at 138, 101 S.Ct. at 438. The Court characterized the holding in *Ex parte Lange* as only that "a defendant may not receive a greater sentence than the legislature has authorized." *Id.* at 139, 101 S.Ct. at 438. Thus, the Court noted that "the holding in *Lange,* and … the dictum in *Benz,* are not susceptible of general application." In this case, Bishop's sentence is not greater than that authorized by the Congress; in fact, the district court merely reimposed its original sentence, which was within the time period authorized by Congress for conspiracy to deal in heroin,[7] when the court vacated its January 18, 1983 order modifying Bishop's sentence. Thus, since Bishop's reimposed sentence is not greater than that authorized by Congress the district court's order withdrawing the modification of his original sentence is not contrary to the Supreme Court's decision in *Ex parte Lange.* Further, as noted by the Supreme Court in *DiFrancesco,* the *Benz* and *Ex parte Lange* decisions "are not susceptible of general application" and do not address the issue before this court concerning whether an order modifying a sentence can be revoked where the modification was gained through fraud and deceitful misrepresentations. A court must be able to sentence a defendant upon accurate information and when the sentence imposed is based upon fraudulent information provided by the defendant, the court has the inherent power to correct that sentence.

Court's decision in *DiFrancesco,* "the trial court's power to modify a sentence is not necessarily terminated when service on the sentence is commenced." *Id.* at 706–07.

---

**6.** Prior to *DiFrancesco,* courts held that imposition of a sentence acted as an implied acquittal of any greater sentence, at least for double jeopardy purposes, and, thus, the sentence could not be increased once service of the sentence had commenced. *See, e.g., United States v. Turner,* 518 F.2d 14, 15–16 (7th Cir.1975). However, as we stated in *United States v. Jefferson,* 714 F.2d 689 (7th Cir.1983), in light of the Supreme

**7.** Under 21 U.S.C. § 841, Bishop faced a maximum sentence of fifteen years; he was sentenced to only three years incarceration.

The Supreme Court in *DiFrancesco* also stated that the Double Jeopardy Clause does protect the "legitimate expectations" of the defendant as to the length of his sentence. The Court in *DiFrancesco* noted that since the defendant in that case was "charged with knowledge of the statute and its appeal provisions, the defendant had no legitimate expectation of finality" since he knew the government could appeal his sentence. *Id.* at 136, 101 S.Ct. at 437. The Eleventh Circuit's decision in *United States v. Jones*, 722 F.2d 632 (11th Cir. 1983), illustrates when a defendant has a legitimate expectation in the finality of his sentence when an error occurs in the sentencing process. The Eleventh Circuit was faced with the situation where the district court had relied on erroneous information in sentencing the defendant to six-months imprisonment and imposing a $10,000 fine. The district court, upon learning that it relied upon improper information in sentencing the defendant, resentenced him to an increased term of incarceration. The Eleventh Circuit reversed stating that since the defendant had begun to serve his sentence, his legitimate expectation in the finality of his sentence barred any resentencing by the court. The *Jones* decision noted that the defendant had *not provided* the erroneous information, and thus, the defendant at the time of his original sentencing held a legitimate belief in the finality of his sentence. In contrast, in the case before this court Bishop fraudulently and intentionally misrepresented the term of his sentence in Indiana in order that he might gain a modification of his federal sentence. Bishop knew that the modification in his sentence was obtained through fraud and misrepresentation and thus he should have realized that if this false information was discovered, his freedom would be affected through reimposition of his original sentence.[8] Bishop's argument that his double jeopardy rights were violated in this case is specious, absurd and ridiculous as it was he who created the problem when he submitted to the court his motion containing the fraudulent and intentional misrepresentations concerning his sentence in the Indiana State Penitentiary. Thus, Bishop should not have properly held any legitimate expectation of finality in ·his sentence.

■ The entire American system of justice is based upon the honesty and truth of its participants; that is why all witnesses are required to take an oath to tell "the whole truth and nothing but the truth" before testifying. Thus, the defendant's action in intentionally deceiving the court strikes at the very heart and foundation of the American system of justice. If a defendant, such as Bishop, intentionally commits a fraud upon the court by providing the court with erroneous information that the court relies upon in determining the length of the sentence, he certainly must bear the consequences of his fraudulent and deceitful actions. It is appropriate to place the burden upon Bishop, who brought the motion, to provide the court in good faith with the correct information. Thus, having fraudulently misrepresented the nature of his sentence in Indiana, Bishop must now bear the consequences of those actions by serving the original three-year sentence imposed by the district court.

We affirm the decision of the district court.

8. *See Jones,* 722 F.2d at 638, noting in dicta that "[f]or the purpose of determining the legitimacy of a defendant's expectations, we draw a distinction between one who intentionally deceives the sentencing authority or thwarts the sentencing process and one who is forthright in every respect. Whereas the forum will have purposely created any error on the sentencer's part and thus can have no *legitimate* expectation regarding the sentence thereby procured, the latter, being blameless, may *legitimately* expect that the sentence, once imposed and commenced, will not later be enhanced."