**William HICKS, Petitioner,**

**v.**

**Jack R. DUCKWORTH; and Indiana Attorney General, Respondents.**

Civ. No. S 87–740.

United States District Court,
N.D. Indiana,
South Bend Division.

March 3, 1989.

Margaret L. Paris, Chicago, Ill., for petitioner.

Kermit R. Hilles, Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

### I.

On December 16, 1987, the petitioner, William Hicks, appearing *pro se*, filed a petition seeking relief under 28 U.S.C. § 2254. The state court record was filed on February 23, 1988, pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The return filed on February 23, 1988, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). On May 25, 1988, Margaret Paris was appointed counsel.

### II.

### FACTS

The facts of this case are clearly stated by then Chief Justice Givan in *State v. Hicks*, 453 N.E.2d 1014 at 1015 (Ind.1983):

> Hicks and two accomplices burglarized a dwelling in Tippecanoe County. An information charging all three with Burglary and Attempted Theft was filed on August 10. The arraignment was set for August 23. At the hearing held on that date, Hicks entered a plea of guilty to both counts which the court accepted.
>
> On August 31, the prosecutor filed an "Information of Habitual Offender" as to Hicks. The essential allegation of this pleading was that Hicks had accumulated three prior unrelated felony convictions.
>
> On September 8, Hicks filed a Motion to Dismiss the Habitual Offender Allegations. The court heard argument on the motion at the September 20 sentencing hearing and also entertained an oral motion from the prosecutor to amend the information originally filed. This motion was denied. On September 24, the court granted Hicks' Motion to Dismiss. On September 29, the State filed a written Motion to Amend, but it was also denied. Hicks was sentenced to a twenty-year term of imprisonment upon conviction on the burglary charge. The State timely perfected its appeal.

*Hicks*, 453 N.E.2d at 1015.

The Supreme Court of Indiana held that the trial court erred in granting Hicks' Motion to Dismiss the proposed habitual offender amendment and also in denying the State's motions to amend the original

charge. The court also held that the voluntariness of the guilty plea was suspect because the plea was entered without any advisement to Hicks as to the effect of an adjudication as a habitual offender on his sentencing. *Hicks*, 453 N.E.2d at 1021. The case was remanded with instructions to allow the state to bring the habitual offender enhancement and to allow Hicks to withdraw his guilty plea.

Upon remand the state did amend the information to include the habitual offender enhancement. Hicks then withdrew his guilty plea. After a jury trial, Hicks was found guilty and his sentence was enhanced as a habitual offender. This conviction was upheld on appeal. *Hicks v. State*, 510 N.E.2d 676 (Ind.1987).

Hicks previously filed a petition for writ of habeas corpus in this court attacking a Nevada state court conviction for theft which was relied upon to enhance Hicks' current sentence. Hicks alleged he did not knowingly enter into his Nevada guilty plea. Respondents moved that the Nevada guilty plea case be dismissed. Hicks challenged the motion until the Nevada plea agreement transcript was produced. For proceedings related to this issue, *see Hicks v. Duckworth*, 856 F.2d 934 (7th Cir.1988). Accordingly, the habeas corpus petition was here dismissed with prejudice on February 7, 1989.

## III.

### ISSUE

Was the petitioner placed in double jeopardy when he withdrew his guilty plea and stood trial subsequent to the prosecutor being permitted to amend the information to include a habitual offender enhancement after the petitioner's guilty plea had been accepted by the state trial court and petitioner had begun serving his sentence?

## IV.

### ANALYSIS

■ The Double Jeopardy Clause of the Fifth Amendment of the Constitution of the United States provides three fundamental protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction and it protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). *See also, United States v. Dickerson*, 857 F.2d 414, 416 (7th Cir.1988). The same double jeopardy considerations apply where a defendant is incarcerated as a result of a guilty plea as where a defendant is incarcerated as a result of a jury trial and conviction. *Almeda v. Blubaum*, 400 F.Supp. 177 (D.Ariz.1975).[1]

■ The protections of the Double Jeopardy Clause have not been violated in this case. Hicks was not acquitted by either the state trial court or the Supreme Court of Indiana. Hicks was not prosecuted twice for the burglary and attempted theft charges, and Hicks did not receive multiple punishments. Hicks did receive an enhancement of 30 years, but that is not a second prosecution or a multiple punishment.

The current leading case on the issue of the Double Jeopardy Clause is *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The Supreme Court said the Double Jeopardy Clause does not provide the defendant with a right to know at any specific moment in time what the exact limit of his punishment will turn out to be. *DiFrancesco*, 449 U.S. at 137, 101 S.Ct. at 437. *See also, United States v. Bishop*, 774 F.2d 771, 775 (7th Cir.1985). The defendant in *DiFrancesco* was "charged with knowledge of the statute and its appeal provisions, thus the defendant has no legitimate expectations of finality." *DiFrancesco*, 449 U.S. at 136, 101 S.Ct. at 437. Like the defendant in *DiFrancesco*, Hicks knew about the habitual offender enhancement. Hicks heard

---

1. For a recent case dealing with these concepts by this court, *see United States v. Crumpler*, 636 F.Supp. 396 (N.D.Ind.1986). For dealings with same in an earlier judicial incarnation, *see Crim v. State*, 156 Ind.App. 66, 294 N.E.2d 822 (1973).

about the amendment to the information at his change of plea hearing. Also, Hicks knew that the State of Indiana was appealing the decision of denying the amendment to the information. Hicks was sentenced to 20 years, but he had no knowledge of when he would be released. Thus, Hicks could not have had any legitimate expectation of the finality of his sentence which is now required under *DiFrancesco.*

Also, Hicks relies on *United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931) and *Ex parte Lange,* 18 Wall. 163, 21 L.Ed. 872 (1874) for the proposition that once an individual begins serving his sentence, the sentence may not be increased. However, that reliance is misplaced since the decision in *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

> The court in *DiFrancesco* strictly limited the *Benz* decision stating that the only issue considered in *Benz* was whether the trial court had the power to reduce a sentence once the defendant had commenced serving the sentence. The *Benz* decision does contain dicta to the effect that once a defendant has begun to serve his sentence a court cannot increase that sentence; however, the Supreme Court noted that *Benz* had erroneously relied on an earlier Supreme Court decision, *Ex parte Lange,* to support this dicta. *DiFrancesco* at 138 [101 S.Ct. at 438]. The Court characterized the holding in *Ex parte Lange* as only that "a defendant may not receive a greater sentence that the legislature has authorized." *Id.* at 139 [101 S.Ct. at 438]. Thus, the Court noted that "the holding in *Lange,* and ... the dictum in *Benz,* are not susceptible of general application.

*United States v. Bishop,* 774 F.2d 771, 775 (7th Cir.1985). Also, the trial court's power to modify a sentence is not necessarily terminated when service on the sentence is commenced. 774 F.2d at 775, n. 6.

In *United States v. Shue,* 825 F.2d 1111 (7th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987). A recent case dealing with the issue of legitimate expectation of finality and resentenc-ing, the Seventh Circuit Court of Appeals, speaking through Judge Ripple concluded that the Double Jeopardy Clause was not offended when the defendant was resentenced after he had already begun serving his sentence. Shue had been convicted of bank robbery and conspiracy and appealed. The Court of Appeals for the Seventh Circuit affirmed in part and reversed and remanded in part. *United States v. Shue,* 766 F.2d 1122 (7th Cir.1985). On remand the district court resentenced the defendant for a conviction which was affirmed. *United States v. Shue,* No. 81 Cr. 362 (N.D.Ill. Dec. 9, 1985) [1985 WL 5518].

The defendant appealed, relying upon *United States v. Jones,* 722 F.2d 632 (11th Cir.1983) which held that, where a defendant (who had not appealed his conviction or sentence) had begun to serve his sentence, he had a legitimate expectation as to the duration of the sentence that was protected by the double jeopardy clause. *Jones,* 722 F.2d at 638. This is the same situation as Hicks. Hicks did not appeal his plea agreement, but the state appealed the right to amend the information. Hicks therefore knew that there was a question as to the finality of sentence. The *Jones* court stated that "unless the statute explicitly provides for sentence modification, as in *DiFrancesco,* or the defendant knowingly engages in deception, a sentence may not be altered in a manner prejudicial to the defendant after he has started serving the sentence." *Jones,* 722 F.2d at 638–639.

> The court in *Shue* countered by stating: Mr. Shue's reliance on *Jones* is unpersuasive. As the Fourth Circuit noted in *United States v. Bello,* 767 F.2d 1065 (4th Cir.1985), the majority opinion in *DiFrancesco,* "undercut [ ] the basis for any general rule that the Double Jeopardy Clause precludes a sentence increase once the defendant has commenced serving the sentence." *Id.* at 1069. The *Bello* court pointed out that *DiFrancesco* "focused on whether the defendant held a legitimate 'expectation of finality' as to the original sentence, in order to determine whether increasing the sentence

later was tantamount to the multiple punishment." *Id.* at 1070. *Shue,* 825 F.2d at 1115.

■ In light of *DiFrancesco,* however, it is necessary to abandon the rule that once a sentence has been started that it cannot be increased. A sentence held on appeal to be improper or illegal may be increased and not violate the Double Jeopardy Clause. Thus, it is not inconsistent with the Double Jeopardy Clause for a defendant to be resentenced upon remand according to the original intentions of the trial judge even if this entails enhancement of one or more of the original sentences. *Accord, McClain v. United States,* 676 F.2d 915 (2nd Cir.1982), *cert. denied,* 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *United States v. Busic,* 639 F.2d 940 (3rd Cir.1981), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981).

It is not to say, however, that the total sentence imposed on interrelated counts may be increased at will. In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court of the United States held that an increased sentence could not be imposed after retrial without violating the due process rights of the defendant, unless the sentencing judge gave as reasons objective factors involving identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceedings. *United States v. Tucker,* 581 F.2d 602 (7th Cir.1978).

Hicks' argument that double jeopardy attached when he began serving his sentence is unpersuasive after *DiFrancesco.* Also, Hicks' sentence was not increased, but enhanced after his trial. Hicks received 20 years after he pled guilty and 20 years after he was found guilty by a jury. The only difference was that he received an enhancement of 30 years. Thus, the fact that Hicks withdrew his guilty plea and stood trial, and as a result his total time was increased does not violate the Double Jeopardy Clause.

Additional support that the Double Jeopardy Clause was not violated when the habitual offender amendment was added and Hicks was allowed to withdraw his guilty plea and stand trial comes from the recent Supreme Court decision in *Lockhart v. Nelson,* —— U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). The Court addressed the issue of whether a habitual offender can be retried on the habitual offender enhancement after an underlying conviction was pardoned and not violate the double jeopardy clause.

In that case, defendant Nelson had pled guilty in Arkansas state court to burglary, a class B felony. He was sentenced under the state's habitual criminal statute, which provides that a defendant who is convicted of a class B felony and "who is convicted of ... [or] found guilty of four (4) or more felonies," may be sentenced to an enhanced term of imprisonment of between 20 and 40 years. Ark.Stat.Ann. § 41–1001(2)(b) 1977 (current version at Ark.Code Ann. § 5–4–501 (1987)). To have a convicted defendant's sentence enhanced under the statute, the state must prove beyond a reasonable doubt, at a separate sentencing hearing, that the defendant has the requisite number of felony convictions.

At Nelson's sentencing hearing, the state introduced, without objection from the defense, certified copies of four prior felony convictions. Unknown to the prosecutor, one of the convictions had been pardoned by the Governor several years after its entry. The case was submitted to the jury, which found that the state had met its burden of proving four prior convictions. The state then imposed an enhanced sentence. The state courts upheld the enhanced sentence on both direct and collateral review. Defendant continued to protest that one of the convictions relied upon by the state had been pardoned.

Defendant filed a writ of habeas corpus in the district court claiming the enhancement was invalid because one of the underlying convictions was pardoned. The district court investigated the issue and declared the enhanced sentence invalid. The state announced its intention to resentence defendant as a habitual offender using another previous conviction not offered or admitted at the initial sentencing hearing.

Defendant interposed a double jeopardy claim. The district court decided that the Double Jeopardy Clause prevented the state from attempting to resentence the defendant as a habitual offender on the burglary charge. *Nelson v. Lockhart*, 641 F.Supp. 174 (E.D.Ark.1986). The Court of Appeals for the Eighth Circuit affirmed. *Nelson v. Lockhart*, 828 F.2d 446 (8th Cir. 1987). The Supreme Court reversed. *Lockhart v. Nelson*, —— U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).

The question presented in *Lockhart* was "whether the Double Jeopardy Clause allows retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction." *Lockhart*, 109 S.Ct. at 290. This question was expressly reserved in *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) and decided the same day as *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The Supreme Court stated in *Lockhart*, that *Burks* required the question be answered in the negative. In *Burks*, the Court held that the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only "just" remedy available for that court is the direction of a judgment of acquittal. *Burks*, 437 U.S. at 18, 98 S.Ct. at 2151.

In reversing the Eighth Circuit in *Lockhart*, the Supreme Court began by characterizing the case as one involving trial error: "It appears to us to be beyond dispute that this is a situation described in *Burks* as reversed for 'trial error'—the trial court erred in admitting a particular piece of evidence, and without it there was insufficient evidence to support a judgment of conviction." *Lockhart*, 109 S.Ct. at 290.

The Court in *Lockhart* then proceeded to address the issue of whether the Double Jeopardy Clause allows retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against

him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction. *Lockhart*, 109 S.Ct. at 291. The Supreme Court concluded that the Double Jeopardy Clause does not foreclose a retrial in that situation because the reviewing court must look at all the evidence, not just the legally admitted evidence, to determine whether a retrial is permitted.

It is clear from *Lockhart* that a reviewing court must consider all the evidence admitted by the trial court in deciding whether retrial is permissible under the Double Jeopardy Clause. Using the same analogy in this case, the court must look at all of the evidence presented at Hicks' hearings. In support of using retrial the Court in *Lockhart* said that permitting retrial is not the sort of governmental oppression which the Double Jeopardy Clause is aimed. Rather, it serves the interest of the defendant by affording him an opportunity to "obtai[n] a fair readjudication of his guilt free from error." *Lockhart*, 109 S.Ct. at 291.

Further, the Supreme Court in *Lockhart* stated that "permitting retrial after a conviction has been set aside also serves the interests of the defendants, for 'it is at least doubtful that the appellate courts would be as zealous as they are now in protecting against the effects of improprieties at trial or pretrial stage if they know that reversal of a conviction would put the accused irrevocable beyond the reach of further prosecution.'" *Lockhart*, 109 S.Ct. at 290. *See also, United States v. Tateo*, 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964).

The Supreme Court also said in *Lockhart*, that had the defendant offered any evidence at the sentencing hearing to prove that the convictions had become a nullity by reason of the pardon, the state trial judge would presumably have allowed the prosecutor an opportunity to offer evidence of another prior conviction to support the habitual offender charge. *Lockhart*, 109 S.Ct. at 291. The Court in *Lockhart* merely recreates the situation that would have been obtained if the trial court had exclud-

ed the evidence of the conviction because of the showing of a pardon. *Lockhart,* 109 S.Ct. at 291. *See also, Palmer v. Grammer,* 863 F.2d 588 (8th Cir.1988).

The result in *Lockhart* is the exact result that the Supreme Court of Indiana contemplated when they allowed Hicks to withdraw his guilty plea. Hicks could plead guilty or be tried by a jury. This is the exact situation that Hicks would have been in if the Habitual Offender enhancement was included in the beginning.

Judge Easterbrook said in *United States ex rel. Young v. Lane,* 768 F.2d 834, 838 (7th Cir.1985), *cert. denied,* 474 U.S. 951, 106 S.Ct. 317, 88 L.Ed.2d 300 (1985) unless there is a new trial there cannot be a "second" jeopardy. "[A] defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second time before a second trier of fact." *United States ex rel. Young v. Lane,* 768 F.2d 834, 838 (7th Cir.1985).

■ Hicks was permitted to return to state court and withdraw his guilty plea. The Supreme Court of Indiana placed Hicks in the same situation he was in before he entered his guilty plea. This is not placing the defendant in double jeopardy. It is providing the defendant with an opportunity for a fair trial which is required under the Constitution of the United States.

Also, the Supreme Court of Indiana was correct in allowing the habitual offender enhancement to be amended. In *Bozza v. United States,* 330 U.S. 160, 165–167, 67 S.Ct. 645, 648–649, 91 L.Ed. 818 (1947), the Supreme Court stated the Double Jeopardy Clause permits a district court to correct an illegal sentence by increasing it. *United States v. Bentley,* 850 F.2d 327, 329 (7th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988), *reh'g denied,* —— U.S. ——, 109 S.Ct. 885, 102 L.Ed.2d 1008 (1989). The court in *Bentley* stated that a reading from *Bozza* would indicate that the court may alter a sentence to correct an illegality even though the change produces an increase in the net sentencing package. *Bentley,* 850 F.2d at 329. As the Court concluded in *Bozza,*

"the Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Bozza v. United States,* 330 U.S. at 166–167, 67 S.Ct. at 648–649.

Therefore, if the state trial judge was incorrect in sentencing Hicks to 20 years without the enhancement, the state trial judge should be allowed to correct the sentence. Hicks should not be allowed to profit 30 years because of the state trial judge's mistake in sentencing.

## V.

■ Finally, the issue of whether the habitual offender amendment is an enhancement or a separate offense has been answered. In *Baker v. Duckworth,* 752 F.2d 302, 304 (7th Cir.1985), *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985). The Court of Appeals for the Seventh Circuit stated that Indiana's habitual offender statute Ind.Code Ann. § 35–50–2–8 (Burns Supp.1984), does not create a separate crime. Rather, the statute authorizes the enhancement of a convicted felon's sentence for an underlying felony, if the convict has accumulated at least two prior unrelated felony convictions. The Supreme Court consistently has acknowledged this function of recidivist statutes. *See, e.g., Chandler v. Fretag,* 348 U.S. 3, 7, 75 S.Ct. 1, 3, 99 L.Ed. 4 (1954); *Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948). As the Court aptly noted in *Gryger:*

> The sentence as a[n] ... habitual criminal is not to be viewed as a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is to be considered an aggravated offense because it is a repetitive one.

*Gryger,* 334 U.S. at 732, 68 S.Ct. at 1258. Thus, a habitual criminal who receives an enhanced sentence pursuant to an habitual offender statute does not receive additional punishment for his previous offenses, or punishment for his recidivist status as such, but rather receives a more severe punishment for his most recent felonious offense.

■ Also, the use of prior convictions to enhance a convict's sentence in this manner does not violate the guaranty against Double Jeopardy because the convict is not twice tried or punished for the same offense. *Dorton v. State*, 419 N.E.2d 1289, 1297 (Ind.1981); *Baker v. Duckworth*, 752 F.2d 302, 304 (7th Cir.1985).

Also, in *Baker* the Supreme Court of Indiana employed analysis similar to the analysis in these federal cases in a recent decision where the court determined that double jeopardy allowed resubmission of a defendant's prior convictions at a retrial following reversal of his conviction, even though the first jury had declined to find defendant a habitual offender. *Durham v. State*, 464 N.E.2d 321, 325 (Ind.1984).

In conclusion, Hicks does not state a claim founded in the basis of the Double Jeopardy Clause of the Fifth Amendment. It was proper for the Supreme Court of Indiana to allow the habitual offender amendment to the information. No jeopardy occurred when Hicks was permitted to withdraw his guilty plea and stand trial. Hicks' argument that double jeopardy attached when he began serving his sentence is not persuasive after *DiFrancesco*. Finally, Hicks had no legitimate expectation of the finality of his sentence, since he knew that the State of Indiana was appealing the dismissal of the habitual offender amendment to the information. Accordingly, petitioner's petition is hereby DISMISSED as stating no basis for relief under 28 U.S.C. § 2254.

IT IS SO ORDERED.