**William HICKS, Petitioner–Appellant,**

v.

**Jack R. DUCKWORTH and Indiana Attorney General, Respondents–Appellees.**

No. 89–1672.

United States Court of Appeals, Seventh Circuit.

Argued April 6, 1990.

Decided Jan. 10, 1991.

---

Margaret L. Paris, Cotsirilos, Stephenson, Tighe & Streicker, Chicago, Ill., for petitioner-appellant.

Kermit R. Hilles, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before COFFEY, MANION, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

This appeal raises a single issue. Are a defendant's double jeopardy rights violated when the state successfully pursues an appeal of the dismissal of an habitual offender charge after the defendant has already begun serving a sentence on the underlying crime. Because of the reasons set forth below, we affirm the district court's dismissal of the 28 U.S.C. § 2254 petition.

## I.

Hicks was charged by information with burglary and attempted theft. Arraignment was set for August 23, 1982. The defendant appeared on that date with counsel. Defense counsel advised the court that Hicks waived arraignment and wished to enter a plea of guilty to the two pending charges of burglary and attempted theft contained in the information. The court advised Hicks of his rights, and reviewed the crimes charged and their penalties, which totaled a maximum of twenty years imprisonment for the charges of burglary and attempted theft. At that time, there were no habitual offender allegations included with the charging information but the state prosecutor stated during the plea proceeding that he intended to file an habitual offender allegation and had previously advised defense counsel of his intention to do so. The court accepted Hicks' pleas of guilty as to both counts charged—burglary and attempted theft.

On August 31, 1982, the prosecutor filed a separate "Information of Habitual Offender." Hicks moved to dismiss this information based on Indiana law which requires an habitual offender allegation to be included as a separate part of the original charging document. Ind.Code § 35-50-2-8(a). On September 20, 1982, the court heard oral argument on the defendant's motion to dismiss and also denied the prosecutor's oral motion, made during the argument, to amend the original information. The trial court granted Hicks' motion to dismiss on September 24, 1982. On the date set for sentencing, September 29, 1982, a written motion to amend the original information was filed. The court denied the state's motion, and proceeded to sentence Hicks to the maximum term of twenty years imprisonment for burglary and attempted theft.

The State of Indiana appealed the trial court's grant of the motion to dismiss the separate habitual offender information and the denial of the motion to amend the original information to include the habitual offender allegation. By the time the appeal process commenced, Hicks had begun serving his sentence. Hicks claimed the state had no right to appeal under Indiana law and that any adding of an habitual offender charge would result in Hicks being placed in double jeopardy. The Indiana Supreme Court reversed the trial court, holding that as a matter of state criminal procedure the state could file the habitual offender allegation as an amendment to the original information, *State v. Hicks*, 453 N.E.2d 1014, 1018 (Ind.1983), and remanded to allow the state to amend. The court

also allowed Hicks to withdraw his plea as it could no longer be considered knowing and voluntary, Hicks having pleaded without being advised of the maximum penalty now increased with the inclusion of the habitual offender allegation.

The trial court subsequently allowed the state to amend the charges and the matter proceeded to a jury trial after Hicks had withdrawn his guilty plea. Hicks was convicted and sentenced to twenty years as before plus an additional thirty years based on the habitual offender verdict. The Indiana Supreme Court affirmed the conviction.

Hicks then filed a petition for a writ of habeas corpus in the district court, claiming that the trial court's actions violated the double jeopardy clause. The district court dismissed the § 2254 petition in a memorandum and order reported at 708 F.Supp. 214. This appeal followed.

## II.

The double jeopardy clause consists of three separate constitutional protections. It protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). But, the double jeopardy clause does not act to prevent all further government action. "The double jeopardy clause is *not* a complete barrier to an appeal by the prosecution in a criminal case." *United States v. DiFrancesco*, 449 U.S. 117, 132, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980). The Supreme Court in *DiFrancesco* acknowledged that the key to the inquiry under the third of these constitutional protections is whether the defendant has a legitimate expectation of finality in his sentence. This is because a sentence is not accorded the same constitutional finality as an acquittal. *Id.* at 134, 101 S.Ct. at 436. If the defendant does not have such a *legitimate* expectation of finality in the sentence, then he is not put in jeopardy a

second time when his sentence is subject to appeal.

Although it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it, and that the trial judge should be prohibited from thereafter increasing the sentence, that argument has no force where ... Congress has specifically provided that the sentence is subject to appeal. Under such circumstances there can be no expectation of finality in the original sentence.

*Id.* at 139, 101 S.Ct. at 438.

Here, the prosecutor stated in open court at the time of the entry of Hicks' plea that an habitual offender allegation would be added to the pending charges. More importantly, however, prior to sentencing, Hicks had been successful in having the state's habitual offender charge dismissed—thus providing the state a basis to pursue an appeal of the disposition of this case.

In *DiFrancesco*, the Supreme Court found that the defendant could not have an expectation of finality when beginning to serve his sentence under circumstances where the government had a clear statutory right to appeal the sentence imposed on a dangerous special offender as defined by statute. Indiana law on the subject gave (and currently gives) the prosecutor a right to appeal in certain circumstances. *See* Ind.Code § 35–38–4–2 (formerly Ind. Code § 35–1–47–2); *see also State v. Holland*, 273 Ind. 284, 403 N.E.2d 832, 833 (1980). Indiana Code § 35–1–47–2 broadly provided that the state could take an appeal from an order granting a motion to dismiss an indictment or information. The trial court dismissed—prior to sentencing—the state's supplemental "Information of Habitual Offender." Under the circumstances of this case, we must determine whether the statute granting the state a general right to appeal the dismissal of that habitual offender information served to prevent Hicks from having a legitimate expectation of finality in his sentence when he began to serve it.

In *United States v. Bishop*, 774 F.2d 771 (7th Cir.1985), we found no double jeopardy violation when the district court vacated a modification order shortening the defendant's sentence. The defendant had misrepresented the term of a sentence on an Indiana state court conviction in order to convince a federal court to modify his federal sentence to run concurrently with the state sentence. Once the federal court discovered the defendant's fraud, the court vacated the modification order. In affirming the decision, we pointed out that after *DiFrancesco*, a court may, in some situations, modify a sentence after the defendant has begun serving it. The proper inquiry is the defendant's legitimate expectations in the finality of his sentence. *Bishop*, 774 F.2d at 776. We distinguished *United States v. Jones*, 722 F.2d 632 (11th Cir.1983), on which both that defendant and Hicks rely, where a district court similarly relied on erroneous information in sentencing the defendant and the court found an expectation of finality once the defendant started serving the sentence. The erroneous information was the district court's conclusion that the defendant could make restitution with relative ease, only to find out later that the bank held a lien on the crops the defendant would have sold to generate proceeds for restitution. Jones had provided the correct information, but the court did not consider some of it in drawing its conclusion. The court acknowledged that the mistake was its own. *Jones*, 722 F.2d at 634–35. Because the defendant in *Jones* had no role in the judge's erroneous interpretation and had not provided any erroneous information, the defendant had a legitimate expectation of finality in his sentence at the time he had begun serving it.

Hicks' situation is different. At the time Hicks pleaded guilty he knew the state would seek to add an habitual offender allegation. But of paramount significance, by the time he was sentenced the state's motion to amend the information had been denied and Hicks' motion to dismiss the "Information of Habitual Offender" had been granted. As we noted earlier, under the Indiana law existing at that time (Ind. Code § 35–1–47–2), an appeal could be taken by the state as a matter of right from any order granting a motion to dismiss an indictment or information. Hicks was thus placed in the same situation as the defendant in *DiFrancesco*. Hicks could have no legitimate expectation of finality in his sentence "until the appeal is concluded or the time to appeal has expired." *DiFrancesco*, 449 U.S. at 136, 101 S.Ct. at 437. Although the right to appeal was stated in terms relating to the sentence for a specific offense in *DiFrancesco*, the rationale of that case applies here with equal force because the addition of the habitual offender charge was placed before the trial court by Hicks, yet its inclusion had not been finally resolved because of the state's statutory right to appeal the trial court's decision.

In that appeal, the Indiana Supreme Court found that the trial judge erred in not allowing the state to amend its original information to include an habitual offender allegation. *State v. Hicks*, 453 N.E.2d 1014 (Ind.1983).

In arriving at an expectation regarding the finality of his sentence, Hicks cannot ignore the fact that Indiana law afforded the state a right of appellate review of the issue of the dismissed habitual offender information. Under *DiFrancesco*, because Hicks did not have a *legitimate* expectation of finality in his sentence, it was not constitutionally impermissible, after withdrawal of his plea, for Hicks to be convicted and sentenced to an additional thirty years based on the habitual offender enhancement.

This error was committed by the trial judge prior to sentencing and thus should not preclude the state from seeking the enhanced penalties for which its statutes expressly provide. "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *DiFrancesco*, 449 U.S. at 135, 101 S.Ct. at 436 (quoting *Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947)).

III.

For the foregoing reasons, the judgment of the district court dismissing Hicks' § 2254 petition is AFFIRMED.