PARKER, Judge,
specially concurring.
I concur with the result reached in Judge Lehan’s opinion and agree to the certified question. I write to explain how I have reached that position.
The sequence of McCoy’s appearances in court are as follows:
December 19, 1988 — McCoy pleaded guilty to trafficking in cocaine pursuant to a plea agreement which included the following terms: disposition of five years in prison (with a three-year mandatory minimum sentence) followed by three and one-half years’ probation, a special condition of testifying truthfully against a codefendant, and a $50,000 fine. The sentencing guidelines presumptive sentence was nine to twelve years.
January 18, 1989 — The trial court imposed the agreed-upon sentence.
May 2, 1989 — McCoy had a memory lapse concerning the codefendant’s involvement when called to testify in code-fendant’s trial.
September 11, 1989 — Following a motion by the state, the trial court found McCoy had violated the plea agreement and described McCoy’s lapse of memory as a “farce at best.” The trial court gave McCoy the option of accepting a twelve-year prison sentence or withdrawing her plea and proceeding to trial.
April 2, 1990 — McCoy pleaded no contest to trafficking in cocaine, reserving her right to appeal the trial court’s denial of her motion which sought to have the plea withdrawal set aside and the original sentence reinstated. The trial court sentenced McCoy to twelve years’ prison, three years of which were a mandatory minimum sentence, plus a fine.
The issue for this court’s determination is whether McCoy can be resentenced for the same crime to additional prison time beyond the sixty-day window provided in Florida Rule of Criminal Procedure 3.800.[1] I believe McCoy can be resentenced.
*682 McCoy’s first sentence was not an illegal sentence. Because her sentence was legal, it can be argued that rule 3.800 limited the trial court’s jurisdiction to modify that sentence to sixty days following sentencing. There are cases which support this position. In State v. Rhodes, 554 So.2d 1229 (Fla.2d DCA 1990), this court stated:
Citing Florida Rule of Criminal Procedure 3.800 (1988), the state contends that the trial court acted beyond its jurisdiction in modifying the sentence more than sixty days after the sentencing hearing. We agree. Where the original sentence imposed by the trial court is legal, the court lacks jurisdiction to reduce the sentence after the expiration of sixty days.
Rhodes, 554 So.2d at 1229-30 (citing White v. State, 404 So.2d 804 (Fla.2d DCA 1981)). Further, in Royal v. State, 389 So.2d 696 (Fla.2d DCA 1980), this court concluded that there is no provision in the rules of criminal procedure for the subsequent enhancement of a legal sentence, regardless of when a motion is filed.
The recent case of Goene v. State, 577 So.2d 1306 (Fla.1991), however, recognized that there is no double jeopardy prohibition to the imposition of a harsher sentence when the defendant has committed fraud upon the court. Because the trial court imposed Goene’s harsher sentence within sixty days of the original sentence, it still had jurisdiction under rule 3.800 to modify the sentence in addition to its inherent power to modify a sentence at any time if the sentence was a product of fraud upon the court.
There is a federal case which discusses the relationship between the court’s inherent power to modify a sentence procured by fraud and a rule which limits the period of time for modification of a sentence. In United States v. Bishop, 774 F.2d 771 (7th Cir.1985), Bishop filed a motion to modify his federal prison sentence wherein he intentionally misrepresented the amount of state prison time he was serving. The federal trial court granted Bishop’s motion and entered an order which modified Bishop’s sentence to run concurrently with his state sentence. The federal trial court later learned that Bishop had misrepresented the length of time that he was serving for the state conviction. Upon the government’s motion to vacate the modification order, the federal trial court granted the motion and reimposed the original sentence, which the court had imposed three years earlier. Bishop appealed the order, arguing that the court did not have jurisdiction to reimpose his original sentence because the 120-day time limit set forth in Federal Rule of Criminal Procedure 35(b)[2] had expired.
In affirming the trial court’s action of setting aside the order modifying Bishop’s sentence and reimposing Bishop’s original sentence, the appellate court relied upon the civil case of Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944) which recognized a court’s inherent power to correct judgments obtained through fraud or intentional misrepresentation. The Bishop court, quoting from Hazel-Atlas Glass Co., stated:
*683 Equitable relief against fraudulent judgments is not of statutory creation. It is a judicially devised remedy fashioned to relieve hardships which, from time to time, arise from a hard and fast adherence to another court-made rule, the general rule that judgments should not be disturbed after the term of their entry has expired. Created to avert the evils of archaic rigidity, this equitable procedure has always been characterized by flexibility which enables it to meet new situations which demand equitable intervention, and to accord all the relief necessary to correct the particular injustices involved in the situations.
Bishop, 774 F.2d at 774 (quoting Hazel-Atlas Glass Co., 322 U.S. at 248, 64 S.Ct. at 1002). The Bishop court found that the rule of law concerning equitable relief against fraudulent civil judgments pertained similarly to fraud perpetrated upon a court during a criminal sentencing proceeding. The court noted:
The fact that this case involves a fraud perpetrated upon the court during the criminal sentencing process rather than during a civil proceeding, such as in Hazel-Atlas, does not change the result. It is the power of the court to correct the judgment gained through fraud which is determinative and not the nature of the proceeding in which the fraud was committed. Thus, in the analogous situation of revocation of a sentence of probation, courts have used their inherent power to revoke a sentence of probation and impose a jail term where a defendant’s sentence of probation was gained through his intentional misrepresentation made to the court. See Trueblood Longknife v. United States, 381 F.2d 17 (9th Cir.1967), cert. denied, 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed.2d 987 (1968); cf. United States v. Evans, 459 F.2d 1134 (D.C.Cir.1972).
Bishop, 774 F.2d at 774 n. 5.
Our supreme court’s analysis in Goene concluded that judgments which are the product of fraud or deceit may be vacated at any time. The federal court’s analysis in Bishop determined that a rule limiting the time a trial court can modify a judgment does not preclude a modification of judgment when fraud or intentional misrepresentation upon the court occurs. The trial court’s description of McCoy’s memory lapse as a “farce at best” convinces me that McCoy did commit a fraud or intentional misrepresentation upon the court. I, therefore, concur with the result reached in this case and to the certified question.[3]

. That rule states:
RULE 3.800. CORRECTION; REDUCTION AND MODIFICATION OF SENTENCES
(a) A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet.
*682 (b) A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within sixty days after such imposition, or within sixty days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certio-rari.
This section of the Rule shall not, however, be applicable to those cases in which the death sentence is imposed or those cases where the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.
Fla.R.Crim.P. 3.800.

. Federal Rule of Criminal Procedure 35(b) has been amended and no longer contains the 120-day limitation.

. Judge Lehan’s reliance on Brown v. State, 367 So.2d 616 (Fla.1979), does not aid me in resolving this dilemma. Brown is distinguishable because Brown was never sentenced following his negotiated plea until after his refusal to testify against a codefendant. Therefore, no time period under rule 3.800 had begun to run.